Argued July 17, decided July 29, 1913.

# In re BURKE'S ESTATE.*

(134 Pac. 11.)

**Wills—Probate—Petition—Necessity.**

1. Section 1157, L. O. L., providing that an application for the probate of a will shall state facts necessary to give the court jurisdiction, and Section 1159, providing that an application for the removal of an executor must be made by a petition, when construed together, require that there shall be a petition as a prerequisite to the probate of a will.

**Wills—Probate—Evidence—Admissibility—Later Will.**

2. In proceedings to probate a will in which it is denied that it is the last will of the deceased, a later will is admissible to sustain the denial even though there has been no attempt to probate the later will.

**Wills—Revocation—Subsequent Will.**

3. A later will, duly executed while the testator was mentally competent and not unduly influenced, which disposes of all his property, is a revocation of an earlier will.

> [As to the revocation of wills in general, see note in 28 Am. St. Rep. 344. As to revocation through change in condition or circumstances of testator, see note in 130 Am. St. Rep. 628; and as to republication of revoked will, see note in 76 Am. St. Rep. 249.]

**Wills—Agreements for Mutual Wills—Remedies for Breach—Contest of Will.**

4. Where the proponents of an earlier will claim that it was made under an agreement between the testator and his wife that each should make a will in favor of the other, with remainder over to the wife's children, and that the husband had been in possession of the property

---

*The authorities on the question of the revocation of an earlier will by a subsequent one are discussed in a note in 37 L. R. A. 561. As to the right to revoke a joint or mutual will, see note in 38 L. R. A. 291; and upon the revocability of a mutual will, generally, see notes in 27 L. R. A. (N. S.) 509 and 37 L. R. A. (N. S.) 1196. Reporter.

willed to him by his wife under that agreement, the existence of such an agreement cannot be determined in the proceedings to contest the later will, since it is no objection to the probate of that will that it violated such an agreement.

[As to joint, mutual or reciprocal wills, see note in 136 Am. St. Rep. 592.]

**Frauds, Statute of—Contracts for Mutual Wills—Validity.**

5. Such an agreement for mutual wills is valid and binding as a contract, where it has been performed by one party so as to be taken out of the statute of frauds.

**Wills—Agreements for Mutual Wills—Evidence—Revoked Wills.**

6. Even though the will, made under such an agreement, has been revoked by a later will, it is still valid as evidence of the contract.

**Wills—Probate—Decree—Admission to Probate.**

7. Where the evidence necessary to have established a will had been presented to the court, but there was no petition for its probate, it was error for the court, in proceedings brought to probate an earlier will as a contest of the later one, to admit the later will to probate, even though the evidence showed it to be the last will of the deceased.

From Douglas: JAMES W. HAMILTON, Judge.

Department 2.    Statement by MR. CHIEF JUSTICE MCBRIDE.

This is a contest over various wills, made by William C. Burke, and arises out of the following facts: On December 30, 1908, Burke made a will, bequeathing all his property to Louisa A. Lehman, his step-daughter. On March 9, 1909, he died, and on March 23d the legatee filed the will with the county clerk of Douglas County, without filing any petition for probate. On the 23d day of March, 1909, the evidence of the subscribing witnesses was taken and filed with the court, and the matter was permitted to remain in this condition, without any application for probate, until February 12, 1910, when Robert O. Lehman, another stepson, filed a petition alleging the fact of Burke's death, and stating that at the date thereof he had real property of the value of $3,000, and personal property and notes of the value of $4,500; that

on April 29, 1885, he executed a will, devising all his property to Mary T. Lehman, Louisa Lehman, Emma C. McKinney, and Robert O. Lehman, naming his wife, Augusta Henrietta Burke, as executrix; that A. F. Brown and George Barr were witnesses to the will, and that same was in the custody of Louisa Lehman; that said will was made by deceased upon the consideration that his wife, Augusta Burke, would make her will, devising to him the use of all her real and personal property during his life, the same, or the proceeds thereof, to be divided equally between Mrs. Burke's six children after his death, William C. Burke to have all his wife's personal property; that in consideration of the promise of William C. Burke to so divide his property, she made a will disposing of her property in the manner hereinbefore stated, which will bore date June 30, 1885, and is made a part of the petition; that Mrs. Burke died October 13, 1905. The petition prayed for probate of Burke's will made in 1885. An order was made directing Mrs. Lehman to produce the will of 1885; and, after being cited for contempt, she finally produced it. A petition was then filed, contesting the will of 1908, which set forth the will of 1885 as the last will and testament of Burke, and alleged that the will of 1908 was procured by fraud and undue influence; that deceased was not at the time of its execution of sound mind, was weakened by age and infirmity, so that he did not know what he was doing, and was incapable of making a will; that Louisa Lehman, the devisee thereunder, led deceased to believe that her brothers and sisters had mistreated him, and were trying to rob him, was his confidential adviser in all his business, and took advantage of his impaired mental condition and of her fiduciary relations with him to induce him to attempt to make the will of 1908. The petition further set forth the will

of Mrs. Burke, made in 1885, and alleged that it was made in pursuance of an agreement upon the part of Mr. and Mrs. Burke to make mutual wills, each devising their property to the other, with remainder over to Mrs. Burke's children. The petition alleged performance by Mrs. Burke, and her death, and the acceptance by Mr. Burke of her property, and prayed that the later will be not admitted to probate, and for probate of the will of 1885. The county court found that the will of 1908 was the last will and testament of deceased, and admitted it to probate, and the contestants appealed to the Circuit Court, which affirmed the appeal.                                    MODIFIED.

For appellants there was a brief and an oral argument by *Mr. Commodore S. Jackson.*

For respondents there was a brief over the name of *Cardwell & Watson,* with an oral argument by *Mr. William W. Cardwell.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

This whole proceeding is a concrete example of "how not to do it." We have sought diligently in the transcript to find what was actually done, or attempted to be done, in the County Court; and on the argument we sought the same information from counsel, but without tangible result. The statement gleaned from the confused mass of papers before us probably comes within a marine league of being correct. The whole proceeding is a series of blunders.

1. The will of 1908 was filed without any petition for probate, but with such proofs as would have entitled it to probate in short form had a petition accompanied it. The contest was begun before the County Court had any jurisdiction of the will of 1908; no

attempt having been made to probate that will. Construing Sections 1157, 1159, L. O. L., together, it is plain that a petition stating the necessary jurisdictional facts is a necessary prerequisite to the probate of a will. No such petition having been filed, there was nothing to contest, and the alleged contest was wholly futile.

2. But as there was an attempted probate of an earlier will, and a denial of the fact that it was the last will and testament of the deceased, the later will of 1908 was admissible as evidence of the fact that the will of 1885 was not the last will and testament of the deceased.

3. Upon the trial it was attempted to be shown that this will was procured by undue influence, and that the testator was mentally incapable of making a will at the time he executed it; but we think that the preponderance of disinterested evidence tends to show that the contention of the contestant is unfounded, that deceased was mentally capable of devising his property, and that he, in fact, did so. This being true, the will of 1885 was revoked, and the estate is at large, without a legitimate executor or administrator *de bonis non.*

4–6. The contestants cannot try out in this proceeding the question as to whether the wills were mutual and based upon an agreement that the survivor should leave his or her property to a particular person. Such an agreement is valid if performed by the making of such wills and the acceptance by the surviving party of the fruits of the agreement, but it is valid only as a contract, the performance of which by one party and acceptance by the other has taken it out of the statute of frauds: 40 Cyc. 2117, 2118. It is no objection to the probate of a will that it violates such an agreement, or revokes a former will made in pur-

suance of it. While such former will is revoked as a will, it still stands as evidence of the contract. In fact, it is held in some instances that the revoking will must be first probated before a suit to enforce specific performance of an agreement under mutual wills can be enforced: 40 Cyc. 2119.

7. Upon consideration of all the testimony we are of the opinion that the will of 1885 presented by contestant was not the last will of William C. Burke, but we are also of the opinion that the county and circuit courts erred in decreeing that the will of 1908 should be admitted to probate, in the absence of any probate of such will; the effect of the introduction of such will in the absence of probate being merely negative, and tending to contradict the contention that the will of 1885 was the last will of deceased.

The decree of the Circuit Court will be modified and a decree entered here to the effect that the will of 1885 is not the last will and testament of deceased, and that the cause be remanded to the Circuit Court, with directions to enter this modification, and to direct the County Court to require the devisee under the will of 1908 to petition, within 30 days from the entry of such decree in the County Court, for the probate of said will, and that if such petition be not filed, to appoint an administrator to care for the property. This decree shall be without prejudice to the contestants to bring any suit to enforce specific performance of the alleged agreement between deceased and his wife to make mutual wills for the benefit of the contestants herein. Neither party will recover costs or disbursements in this court. MODIFIED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.