## ISABELLA McDOWELL v. SAMUEL McDOWELL.

(147 N. W. 104.)

**Order granting new trial — appeal — district court — objections — stipulation.**

An appeal from an order granting a new trial will be deemed to have been waived where the senior counsel for appellant has not merely intimated to the trial judge before the making of such order that he deemed it necessary and would stipulate thereto, but after the making of such order, and on the cause being called for disposition on a new trial, the junior counsel for appellant, having announced his readiness for trial, asked that the cause might be dropped on the calendar, and set for a day certain in order that his senior might be accommodated, who was absent from the state, and where the court had no knowledge or information that there was any objection to a new trial until the appeal was taken, which was not done until the day before the trial was to be had.

Opinion filed May 8, 1914.

27 N. D.—37.

Motion for leave to prepare and serve specification of error inad-
vertently omitted. Counter motion to dismiss appeal.

Appeal dismissed.

Statement by BRUCE, J.

The defendant has brought before us for consideration an order to
show cause "why he should not be allowed to prepare and serve speci-
fications of error as required by chapter 4 of § 131 of the Laws of
1913," and also to show cause "why the clerk of the supreme court
should not return the record in the above-entitled action to the clerk
of the district court of Eddy County, North Dakota, in order that the
same may be completed and properly certified to the supreme court."
Opposed to this is a counter motion by the plaintiff to dismiss the ap-
peal on the ground that the same is from an order granting a motion
for a new trial, and that the defendant waived the right to such ap-
peal by consenting to such new trial.

The defendant in support of his petition alleges that an order grant-
ing a motion for a new trial in the action was made on the 25th day of
November, 1913, and served on the attorneys for the defendant on the
19th day of December, 1913; that the notice of appeal and undertaking
was prepared and served by the defendant on the attorneys for the
plaintiff on the 17th day of February, 1914, but, through an oversight
and inadvertence in preparing the said notice of appeal, the defend-
ant's attorney failed to prepare specifications of error, and failed to
serve specifications of error; and that the notice of appeal is as re-
quired by chapter 131 of the Session Laws of 1913.

*Buck & Jorgenson* and *Thorp & Chase,* of Jamestown, N. D. for ap-
pellant.

*Maddux & Rinker,* of New Rockford, N. D. for respondent.

BRUCE, J. (after stating the facts as above). The defendant and
appellant is not in a position either to ask for an extension of time in
which to file his specification of error, or to have the record remanded
so that this may be done. By consenting to the motion for a new trial,
both by his statement to the trial judge before the making of the order,

that he believed it necessary, and that he would stipulate that the order might be made, and by appearing when the case was called for trial, and asking that it be set for a day certain, without raising any objection whatever to its trial, or suggesting that he still insisted upon his right to appeal, and only seeking to assert the same upon the evening before the day on which the trial was to be had, defendant appeared, as it were, in that new trial, and submitted once more to the jurisdiction of the trial court, so that his right to an appeal was waived.

The motion of the plaintiff is granted, while that of the defendant is denied.

Burke, J., being disqualified, did not participate.