## ISABELLA McDOWELL v. SAMUEL McDOWELL.

|(164 N. W. 23.)

**Husband and wife — agreements of — with either — with third persons — contracts — torts — property — separate — rights.**

> Either husband or wife may enter into any agreement or transaction with

NOTE.—On right of wife to sue husband for personal tort, see notes in 6 L.R.A. (N.S.) 191; 30 L.R.A.(N.S.) 1153; 52 L.R.A.(N.S.) 186.

On husband's right to sue wife for personal tort, see note in 23 L.R.A.(N.S.) 699.

On when suits between husband and wife are maintainable, see note in 73 Am. St. Rep. 268.

the other, or with any other person, respecting property, which the other might if unmarried. The wife after marriage has with respect to property, contracts, and torts the same capacity and rights and is subject to the same liabilities as before marriage.

Opinion filed June 2, 1917. Rehearing denied July 30, 1917.

Appeal from the District Court of Eddy County, Honorable *C. W. Buttz,* Judge.

Affirmed.

*S. E. Ellsworth,* for appellant.

A statute relied upon to afford a right of action in derogation of the common law will be strictly construed.

Statutes enabling the wife to sue and to be sued as a *feme sole* do not authorize either husband or wife to bring an action against the other. Comp. Laws 1913, § 4411; 21 Cyc. 1518; Alward v. Alward, 15 N. Y. Civ. Proc. Rep. 151, 2 N. Y. Supp. 42; McKee v. Reynolds, 26 Iowa, 582; Jones v. Crosthwaite, 17 Iowa, 393; Heacock v. Heacock, 108 Iowa, 540, 75 Am. St. Rep. 273, 79 N. W. 353; Decker v. Kedly, 79 C. C. A. 305, 148 Fed. 681; Perkins v. Blethen, 107 Me. 443, 31 L.R.A.(N.S.) 1148, 72 Atl. 574.

Plaintiff and defendant were equally and jointly liable for furnishing the family with the necessaries of life. Comp. Laws 1913, §§ 4410, 4414, subd. 2; Banner Mercantile Co. v. Hendricks, 24 N. D. 16, 138 N. W. 993.

A trial court, in charging the jury, must cover the law of the case at least in a general way, to the end that the jury may receive reasonable aid and enlightenment upon the essential and controlling question in controversy. Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1; Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224.

*Maddux & Rinker,* for respondent.

"Jurisdiction of valid judgments and decrees ceases with the close of the term at which they are given, unless authority over them is retained by motion or other appropriate proceedings." Huffman v. Huffman, 47 Or. 610, 114 Am. St. Rep. 943, 86 Pac. 593.

"The individual property of a married woman, not growing out of the marriage relation or the proceeds thereof, is not a proper subject

for adjudication in an action by her for divorce." Taylor v. Taylor, 54 Or. 560, 103 Pac. 524.

The wife may sue the husband for rent of her separate property, or maintain suit against him for other causes, the same as against a stranger. Niehaus v. Niehaus, 141 App. Div. 251, 125 N. Y. Supp. 1071; Taylor v. Taylor, supra; Heintz v. Heintz, 56 Tex. Civ. App. 403, 120 S. W. 941; Schultz v. Christopher, 65 Wash. 496, 38 L.R.A. (N.S.) 780, 118 Pac. 629; Rice v. Crozier, 139 Iowa, 629, 130 Am. St. Rep. 340, 117 N. W. 984; Heacock v. Heacock, 108 Iowa, 540, 75 Am. St. Rep. 273, 79 N. W. 353.

The husband must support himself and wife out of his property or by his labor. Comp. Laws 1913, § 4409; De Brauwere v. De Brauwere, 144 App. Div. 521, 129 N. Y. Supp. 587; Sodowsky v. Sodowsky, — Okla. —, 152 Pac. 390; Taylor v. Taylor, 54 Or. 560, 103 Pac. 524; Huffman v. Huffman, supra.

ROBINSON, J. This action is based on a written lease of certain lands dated, April 3, 1906, and signed by the plaintiff and the defendant. The plaintiff sues to recover rent for four years at $150 a year, and interest. The defendant appeals from a verdict and judgment for $612.50 and from an order denying a new trial. The defense is that the matters alleged in the complaint were adjudicated in an action between the same parties for a divorce and that in said action all matters here in difference were duly adjudicated; also, that when this action was commenced the parties were husband and wife, and that the wife had no legal right to maintain this action against her husband. To this latter defense the statute gives a plain answer. It is this: "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which the other might, if unmarried. The wife after marriage has with respect to property, contracts and torts the same capacity and rights and is subject to the same liabilities as before marriage." Comp. Laws 1913, § 4411. Under this statute the wife had a perfect right to lease her land to her husband, and she must have a legal right to maintain an action to recover the rents. It were absurd for the law to give a person a right to make a legal contract, and to deny a legal remedy by due

37 N. D.—24.

process of law to enforce the contract. That point is not at all questionable or debatable.

In the divorce action, judgment was entered in June, 1911. This action was then pending, and it was brought to trial before Judge Coffey in March, 1913; and while this case was pending before Judge Coffey, *viz.,* on March 18, 1913, he made a document purporting to amend the divorce judgment which had been entered two years previously. The purpose of the amendment was to declare that the divorce judgment included all matters of dispute and liabilities existing between the plaintiff and the defendant; but the amendment was manifestly without jurisdiction, and for that reason Judge Coffey granted a new trial, and his order was affirmed on appeal. 27 N. D. 577, 147 N. W. 104.

The second trial was before Judge Buttz, and, in his memoranda denying a motion for a new trial, he says: "Upon the second trial before me, McDowell sought to introduce again the same amended decree in the divorce suit, to which I sustained an objection. I do not believe it was error to refuse to admit in evidence the amended decree of Judge Coffey, because that judge in his memoranda granting a new trial says he was in error in admitting these matters, and that the matters which he attempted to cover in the amended decree were never really before him, and that the amended decree was entered without authority of law." Then, in regard to his instruction to the jury that either spouse had a right to use the common property for the support of the family. Judge Buttz adds: "I concluded such instruction was right under the evidence in the case. I think it clear the parties were living together as husband and wife at the time it is claimed she took certain property and sold it for the use of the household, and such was the finding of the jury."

The appeal record presents nothing on which counsel for defendant relied more strenuously than the very strange proposition that the plaintiff has no right to maintain this case because she was the wife of defendant when the leasing contract was made. The record clearly shows that plaintiff is entitled to recover. There is no defense, and there never was a defense, and there never was any reason for insisting that the matter in dispute concerning the lease was adjudicated in the divorce suit. The judgment is affirmed.