HAMPDEN IMPLEMENT COMPANY, a Corporation, Respondent, v. T. J. DOUGHERTY, as Administrator of the Estate of John F. Loehr, Deceased, Appellant.

(227 N. W. 555.)

Opinion filed October 22, 1929. Rehearing denied December 10, 1929.

*John C. Adamson,* for appellant.

*Traynor & Traynor,* for respondent.

BURKE, Ch. J. This is an action on an account to recover $875 the sale price of an automobile. The facts as shown by the evidence, are that Sam Loehr, son of John F. Loehr, on the 26th day of August, 1921, when he was fifteen years of age, had a conversation with his

father, John Loehr, about a Ford sedan which his father "spoke about getting from the Hampden Implement Company, the plaintiff." He told his father that he was going into Hampden, and asked him, if he should bring the car out, that his father gave him some grain checks amounting to $298.09 and told him, "to pay those grain checks on the car." He took the grain checks, turned them over to the Hampden Implement Company, and upon the request of Mr. Knutson, an officer of the Hampden Implement Company, he signed his father's name, John Loehr, by Sam Loehr, to a promissory note, and took the car home and, "it was used by the family ever since, except the last year."

In 1926, John F. Loehr died and the defendant, T. J. Dougherty, is the administrator of his estate. A claim for the balance of the purchase price of the car was duly filed with the administrator, was disallowed by the county court, and this action was brought to recover the balance for the purchase price of the automobile.

It further appears, that the note was assigned by the plaintiff to the Farmers Bank of Hampden, N. D., which bank later went into the hands of a receiver, in whose hands the note was at the time of the institution of the action, and at the time of the trial.

Witness Conroy, testifying for the defendant, as district manager for L. R. Baird, Receiver, said that the note was part of the assets of the bank, and on cross-examination stated that, it was held by the receiver as a claim against the Hampden Implement Company on the guaranty. No claim was ever made by the receiver against the estate on the note, his claim being against the plaintiff on the guaranty in the endorsement.

There was a verdict for the plaintiff, and the defendant appeals. It is his contention, first, that the car was settled for by a note which became the property of the bank, and is now the property of the receiver. There is, however, no evidence that the boy had authority to sign his father's name to a note; but he did have authority to turn the grain checks in as part payment and to bring the car home, and it appearing from the testimony that the receiver has no claim against the estate, but only a claim on the endorsement on the back of the note the estate is, of course, liable only for the balance of the purchase price on the automobile.

It is the contention of the defendant, that the testimony of Sam

Loehr was admitted in violation of subdivision 2 of § 7871, Comp. Laws 1913, which provides:

"In civil action or proceeding by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or ordered entered for or against them, neither party shall be allowed to testify against the other as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party."

Sam Loehr was not a party to the action, and therefore, he does not come within the inhibition of the statute as a witness. It is the contention of the defendant, however, that since his name is on the note, he is an interested party as he might be liable on the note. There are some statutes which make a person interested in the result of an action incompetent to testify against a representative of the deceased person concerning a personal transaction or communication between the witness and the deceased person, but we have no such statute. Our statute is confined specifically to the parties, and Sam Loehr is not a party.

This section has been construed frequently by this court contrary to the contention of the appellant. Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Hutchinson v. Cleary, 3 N. D. 270, 55 N. W. 729; Guillaume v. Flannery, 21 S. D. 1, 108 N. W. 255; Fox v. Fox, 56 N. D. 899, 219 N. W. 784.

The judgment is affirmed.

BIRDZELL, CHRISTIANSON, NUESSLE, and BURR, JJ., concur.