MABEL M. O'CONNOR, Appellant, v. FRANCES IMMELE, as
Executrix of the Estate of Daniel F. Sweeney and Frances
Immele, Respondents.

(43 NW2d 649)

Opinion filed July 14, 1950

*Paul Campbell,* for appellant.
*B. H. Bradford & McGee,* for respondents.

BURKE, J.   This is an equitable action in the nature of specific performance to enforce an alleged contract to make a will.   In her complaint plaintiff alleged that, on the 5th of October 1936, Ella C. Sweeney and Daniel F. Sweeney, husband and wife, executed reciprocal wills in pursuance of an agreement so to do; that such wills were identical in their material provision in that each left to the survivor, his or her entire estate, and bequeathed and devised the residue remaining upon the death of the survivor in equal shares to Mabel M. O'Connor and Frances Immele, nieces of Ella C. Sweeney and Daniel F. Sweeney respec-

tively, and provided that in the event of the death of either of the named beneficiaries, their heirs should succeed to their respective interests and take per stirpes and not per capita; that Ella C. Sweeney died on February 17th, 1945, leaving an estate of the value of approximately $20,000.00 to which Daniel F. Sweeney succeeded under the provisions of her reciprocal will of October 5th, 1936; that thereafter, on July 11th, 1945 Daniel C. Sweeney revoked the reciprocal will made by him and executed a new will in which he designated his niece Frances Immele as the sole beneficiary; that on September 2nd 1946, Daniel F. Sweeney died; that on September 4th 1946, Frances Immele presented Daniel F. Sweeney's will of July 11th, 1945 for probate in the County Court of Ward County; that upon September 25th, 1946, said will was admitted to probate and letters testamentary were issued to Frances Immele; and that Frances Immele qualified as executrix of said will and as such came into possession of all the property of which Daniel F. Sweeney was possessed at the time of his death and that Frances Immele, both as executrix and individually, has refused to recognize the contract of Daniel F. Sweeney to devise and bequeath to the plaintiff one half of the property of which he died possessed. For relief plaintiff demanded that the agreement of Daniel F. Sweeney to make a will as alleged be recognized; that she be plied, of some fact or circumstance which in itself is insufficient died possessed; that Frances Immele, both as executrix and individually be declared a trustee of such property and that she, both as executrix and individually, be required to make an accounting of all such property, including income and rents derived therefrom, and that she be required to make conveyance and payments to the plaintiff in accordance with the facts disclosed upon such accounting.

In her answer, the defendant, Frances Immele, admitted that Ella C. Sweeney and Daniel F. Sweeney had made substantially identical wills on October 5th, 1936, but denied that such wills were made pursuant to any agreement or contract. For affirmative defenses, she alleged that prior to the commencement of this action the administration of the estate had been concluded and distribution thereof made in accordance with a final decree of

distribution; that plaintiff had filed no proof of claim in the course of such administration and that her claim, if any, was barred by the statute of non-claim; that the district court had no jurisdiction of the subject matter of the action for the reason that issues raised by the complaint were matters of probate jurisdiction of which the county court has exclusive original jurisdiction and that plaintiff had had at all times a plain, speedy and adequate remedy at law.

The trial court found and concluded that Ella C. Sweeney and Daniel F. Sweeney entered into a contract to dispose of their estates by mutual and reciprocal wills; that after Daniel F. Sweeney had received his deceased wife's estate under her will, he breached his contract by revoking his will and by executing and publishing a new will; that by breaching his contract Daniel F. Sweeney became liable to the plaintiff for the detriment caused by such breach of contract; that under the statute of non-claim plaintiff was required to present a proper proof of claim for money damages to the executrix of the will of Daniel F. Sweeney; that no such claim was presented within the time allowed by law and that plaintiff's claim is therefore forever barred and that plaintiff was not entitled to specific performance or other equitable relief inasmuch as she had had an adequate remedy at law.

In accordance with these findings and conclusions, judgment was entered in favor of the defendant for the dismissal of the action. Plaintiff has appealed from the judgment and the case is here for a trial de novo upon all the issues.

The first question is whether the reciprocal wills of Ella C. Sweeney and Daniel F. Sweeney were made in accordance with an agreement or contract to make such wills. It is undisputed that the wills in question were made at the same time and place; that at that time the testator and testatrix were each individually possessed of a substantial amount of property; that they had no children of their own, that each had heirs who were not heirs of the other and that the residuary legatees in both wills were the nieces of the testator and testatrix respectively. These facts are exceedingly persuasive of a conclusion that the wills were made in accordance with an agreement. However, since

they do not exclude an hypothesis that the reciprocal provisions in the wills may have been due to a coincidental common intent, they are not in themselves sufficient evidence of a contract. The direct evidence of the existence of the contract consisted entirely of parol evidence, the testimony of relatives of the plaintiff, one of whom was an attorney who drafted the wills. All of this evidence is challenged upon the ground that it is incompetent under the "deadman's" statute and in so far as the attorney's testimony is concerned because it disclosed a confidential communication between attorney and client. Neither of these objections is well taken.

The "deadman's" statute (Sec. 31–0103 NDRC 1943) prohibits either party to an action against executors, administrators or next of kin, from testifying against the other "as to any transaction whatever with or statement by the testator or intestate." None of the witnesses who testified to statements made by the testator was a party to the action. It is true, that as relatives of the plaintiff, they may have had a common interest with her in the objective sought but such interest does not raise the bar of the statute. This court has followed the rule that statutes of this character "should not be extended beyond their letter when the effect of such extension will be to add to the list of those whom the act renders incompetent as witnesses." St. John v. Lofland, 5 ND 140, 64 NW 930; Frink v. Taylor, 59 ND 47, 228 NW 459; Perry v. Erdelt, 59 ND 741, 231 NW 888; International Shoe Co. v. Hawkinson, 72 ND 622, 10 NW2d 590.

We are satisfied also that the testimony of Frank J. O'Connor, the attorney, did not come under the ban against the disclosure of confidential communications made by a client to an attorney in the course of professional employment. The declarations of Ella and Dan Sweeney to which O'Connor testified were made in the presence of each other and were repeated thereafter, when both were present, to other members of the O'Connor family. It is clear from the evidence that the Sweeneys intended that these declarations should not be confidential. The testimony of Frank J. O'Connor was therefore competent. See Page on Wills, Lifetime Ed. Sec. 1751; Allen v. Ross, 199 Wis 162, 225 NW 831, 64 ALR 180; Anno 64 ALR 201.

The testimony of the witnesses was unequivocal. They all said that Ella and Dan. Sweeney had declared the reciprocal wills of October 5, 1936 were made as the result of a mutual agreement.

Defendants contend that other declarations made by the Sweeneys, that they wanted the property to go, in case of the death of either, absolutely to the other, without any trust or encumbrance, are inconsistent with a surrender of the right to revoke such wills and must be construed as a modification of the agreement to that extent. We do not consider the latter declarations inconsistent with the former. The first objective of a husband and wife would be to provide for each other. Neither knew what demands would be made upon them or upon the survivor before the time came for the residuary legatees to take. Each wanted the other to be protected to the full extent of their joint estates. They did not undertake to leave their respective nieces anything. They did undertake to give these nieces, in equal shares, whatever might remain after they both were gone.

The trial judge who saw and heard the witnesses for the plaintiff considered their testimony credible. There is nothing in the record which tends to impeach them. We therefore adopt his finding that the wills were mutual as well as reciprocal.

Defendants also urge that if there was an agreement between the Sweeneys to execute reciprocal wills, it was not solemnized by a memorandum in writing and is therefore invalid under the statute of frauds. The oral agreement was fully performed by Ella Sweeney. She executed her will in accordance therewith. This will remained unrevoked at the time of her death. Daniel Sweeney presented the will for probate and accepted its benefits. In equity this is a sufficient performance to remove the contract from the operation of the statute of frauds. Page on Wills, Lifetime Ed. Sec. 1721; West v. Sims, 153 Kan 248, 109 P2d 479; In re Reed's Estate, 124 W Va 555, 26 SE2d 222; Estate of Doerfer, 100 Colo 304, 67 P2d 492; Carmichael v. Carmichael, 72 Mich 76, 40 NW 173, 16 Am St Rep 528, 1 LRA 596; Schramm v. Burkhart, 137 Or 208, 2 P2d 14; Tooker v. Vree-

land, 92 NJ Eq 224, 112 A 665; Schauer v. Schauer, 43 NM 209, 89 P2d 521; Wilson v. Gordon, 73 SC 155, 53 SE 79; Cummings v. Sherman, 16 Wash2d 88, 132 P2d 998; Notten v. Mensing, 3 Cal2d 469, 45 P2d 189.

The next question for consideration concerns the remedy available to the plaintiff. The defendants contend that this action, in the nature of specific performance, will not lie because plaintiff has or had an adequate remedy at law. A decision upon this contention requires an examination into the nature of plaintiff's claim. Her claim rests upon the oral agreement of Ella and Dan Sweeney to make reciprocal wills and upon the acceptance by Dan Sweeney of the benefits of that agreement upon Ella Sweeney's death. It is well settled that the survivor of the parties to such a contract may not, after accepting its benefits, repudiate it. Anno: 169 ALR 48; Mosloski v. Gamble, 191 Minn 170, 253 NW 378; Stewart v. Todd, 190 Ia 283, 173 NW 619, 180 NW 146, 20 ALR 1272; Doyle v. Fischer, 183 Wis 599, 198 NW 763. A will made in accordance with such an agreement, however, may be revoked and the revoking will admitted to probate. Fuller v. Nelle, 12 Cal App2d 576, 55 P2d 1248; In re Higgin's, 264 NY 226, 190 NE 417; In re Burke's Estate, 66 Or 252, 134 P 11; Sumner v. Crane, 155 Mass 252, 29 NE 1151. Despite revocation of the will, the contract to make the will remains effective and it may be enforced. In Doyle v. Fischer, 183 Wis 599, 606, 198 NW 763, 33 ALR 733, it was said:

"It should be borne in mind that it is the contract, and not the will, which is irrevocable. The authorities generally hold that the will may be revoked, but that the contract stands, and will be enforced by equity if it be a valid contract, and such enforcement is necessary for the prevention of fraud." See also 69 CJ 1302, Sec. 2726; 57 Am Jur 488, Sec. 718; Anno: 169 ALR 55 et seq.

Plaintiff's claim therefore is one which arises upon contract. It is not, however, a claim against the estate of Dan Sweeney. Rather it is a claim of a property right in that estate which is itself subject to claims against the estate. Fred v. Asbury,

105 Ark 494, 152 SW 155; McCullough v. McCullough, 153 Wash 625, 280 P 70; Furman v. Craine, 18 Cal App 41, 121 P 1007; Brickley v. Leonard, 129 Me 94, 149 A 833; Oles v. Wilson, 57 Colo 246, 141 P 489.

By this action plaintiff is seeking to be placed in the position in which she would have been had Dan Sweeney not revoked the will making her his heir. Section 56–0525, NDRC 1943 provides:

"Testamentary dispositions, including devises and bequests to a person on attaining majority, are presumed to vest upon the testator's death."

Thus if the contract to make the will is given effect, plaintiff, upon Dan Sweeney's death, became vested with equitable title to an undivided one-half interest in all of the property of which he died possessed. It is clear that an action to have this title established, to have the executrix and devisee of the testator declared a trustee for the plaintiff to the extent of her interest, and to have the executrix and devisee of the testator directed to make the conveyances and payments necessary to convert plaintiff's equitable title into a legal title, will, if it lies, give plaintiff complete justice. Without mentioning the question of whether an adequate remedy at law was available we have held that rights similar to those of the plaintiff in this case may be enforced by actions in the nature of specific performance. Torgerson v. Hauge, 34 ND 646, 159 NW 6, 3 ALR 164; Brock v. Noecker, 66 ND 567, 267 NW 656; Klein v. Klein, 69 ND 353, 286 NW 989; Heuer v. Kruse, 67 ND 552, 274 NW 863. In the syllabus in Torgerson v. Hauge, supra, it is said:

"Equity will grant relief equivalent to specific performance and fasten a trust upon the property for the benefit of the heirs of the beneficiary under the contract, as against any transferee or devisee."

The fact that a plaintiff may have a remedy at law by an action for damages does not prevent equity from assuming jurisdiction if the equitable remedy is better adapted to render more perfect and complete justice than the remedy at law. 49 Am Jur 21, 58 CJ 853. Of the more complete efficacy of equity

in the instant case, we have no doubt. Here, because the contract was not in writing, and because the estate of Dan Sweeney has been distributed in accordance with his subsequent will, made in violation of his agreement, plaintiff's right and ability to recover depend upon removing the contract to will from the operation of the statute of frauds by part performance, and upon impressing a trust upon the distributed property in the hands of the defendant devisee.

Decision of these issues is primarily, if not exclusively, within the jurisdiction of equity. As to the statute of frauds, see Anno: 59 ALR 1305; 49 Am Jur 731; 27 CJ 344. As to constructive trusts see 65 CJ 454; 54 Am Jur 169.

What we have said above disposes of the remaining issues in this case. Defendant's contentions that the case is one exclusively within the jurisdiction of the county court and that plaintiff's claim is barred by the statute of non-claim, are disposed of by our conclusion that plaintiff's claim is not a claim against the estate of Dan Sweeney but a claim, arising out of contract, of a property right in that estate. In Muhlhauser v. Becker, 74 ND 103, 20 NW2d 353 and Goodwin v. Casselman, 51 ND 543, 200 NW 94, we have stated the rule that "the jurisdiction of the probate court does not extend to the determination of rights in property left by a deceased, where such right does not depend upon heirship or will but upon contract."

Defendant's claim that plaintiff's right is barred by the distribution of the estate of Dan Sweeney is eliminated by our adherence to the prior decisions of this court in Torgerson v. Hauge, 34 ND 646, 159 NW 6 and Klein v. Klein, 69 ND 353, 286 NW 898. In each of these cases, it was held that in equity the beneficiary of a contract to make a will may enforce the contract against devisees as well as against the personal representative of the testator.

The judgment of the district court is therefore reversed and upon remand judgment in favor of the plaintiff is ordered.

NUESSLE, C.J., and MORRIS, CHRISTIANSON and GRIMSON, JJ., concur.