Paul HRUBY, Plaintiff and Respondent,

v.

John ROMANICK, as Administrator of the Estate of John Hruby, Deceased, Defendant and Appellant.

No. 8020.

Supreme Court of North Dakota.

April 30, 1964.

two causes of action: first, that the defendant included certain personal property in the inventory of his father's estate which belonged to the plaintiff; and, second, that certain real estate included in the inventory of the estate was not the property of the deceased, although title to such real property was in the name of the deceased, and that such real property in reality was held by the deceased in trust for the plaintiff.

The trial court dismissed the plaintiff's second cause of action relating to the real estate, but held for the plaintiff on his claim to the personal property described in the complaint which had been inventoried as property of the deceased. From the judgment entered for the plaintiff decreeing him to be the owner of such personal property, the defendant has appealed to this court. The plaintiff did not appeal from the adverse judgment relating to ownership of the real estate. Thus the only question before us on this appeal is the matter of ownership of the personal property.

The record discloses that the plaintiff and his father had farmed together for a number of years. During the last five or six years of his life the health of the father had failed, and the entire farming operation had been conducted by the plaintiff. Many of the items of personal property claimed by the plaintiff and involved in this action admittedly were purchased by the deceased, and such property was carried on the tax roll in the name of the deceased at the time of his death.

Conmy & Conmy, Bismarck, for plaintiff and respondent.

Max D. Rosenberg, Bismarck, for defendant and appellant.

STRUTZ, Judge (on reassignment).

The plaintiff brought this action against the defendant as the administrator of the estate of his deceased father. He alleges

The action was tried to the court without a jury. At the trial, the plaintiff first testified to an arrangement which he had with his father regarding the farm machinery. This testimony was to the effect that the plaintiff was to be the owner of such farm machinery, which had been purchased by the father with the understanding that plaintiff would remain on the farm with the father and would keep the machinery in good repair and fit for use, at plaintiff's expense. The record further shows that the plaintiff did make substantial

payments for repairs on such machinery. At the time this testimony was offered, it was received without objection by the defendant.

The plaintiff also testified that, in 1949, he acquired certain cattle and that he and his father thereafter owned the herd together. He further testified that his father had disposed of all of his share of the herd before his death and that all of the cattle, as well as the hogs which remained on the premises at the time of the death of the father, belonged to the plaintiff.

The plaintiff also testified that "the sheep are mine," but, when he offered testimony on the arrangement he had with his deceased father in regard to the sheep, the defendant objected to such evidence on the ground that the plaintiff could not testify to any transactions had with the deceased, under Section 31–01–03 of the North Dakota Century Code. This objection was sustained. The defendant then moved that all of the plaintiff's previous testimony relative to any arrangements he had with his deceased father be stricken from the record. The court reserved its ruling on such motion.

Section 31–01–03 provides that, in any civil action by or against executors, administrators, heirs at law, or next of kin, in which judgment may be rendered or ordered entered for or against them, "neither party, * * * shall be allowed to testify against the other as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party."

█ The plaintiff's testimony as to any agreement with his deceased father was inadmissible under the provisions of Section 31–01–03, North Dakota Century Code, commonly referred to as the "Dead Man's Statute." The reason for this statutory rule is clear. A living party to a transaction with a deceased person may not testify to such transaction when the other party to the transaction is dead and not

available to contradict such testimony. Permitting a surviving party to a transaction to testify under such circumstances would encourage false testimony by the survivor. However, such disqualification extends only to dealings between the witness and the deceased and would not apply to testimony of third persons as to such transactions. Frink v. Taylor, 59 N.D. 47, 228 N.W. 459; Perry v. Erdelt, 59 N.D. 741, 231 N.W. 888; Hampden Implement Co. v. Dougherty, 58 N.D. 817, 227 N.W. 555; O'Connor v. Immele, 77 N.D. 346, 43 N.W.2d 649.

█ When the objection of the defendant to the plaintiff's testimony as to his arrangements with his deceased father regarding ownership of the sheep was sustained by the court, the plaintiff called the widow of the deceased as his next witness. The defendant objected to her testimony, but the objection was overruled by the court. Her testimony as widow of the deceased was clearly admissible, since the provisions of Section 31–01–03 apply only to dealings of a witness with a deceased person and do not apply to testimony of any other person. The testimony of the surviving wife, as to any transactions between the plaintiff and the deceased husband, therefore was competent and admissible. We now will examine the record to determine what her testimony was.

As to the machinery, the widow testified that her deceased husband had told the plaintiff, in her presence, that if he, the plaintiff, would remain on the farm and keep the machinery in repair, such machinery would be "yours and mine and to be left to you." In other words, if the plaintiff would stay on the farm, the machinery was to be the joint property of the plaintiff and the deceased and, at the death of his father, the plaintiff was to become the owner of all of the machinery.

██ "Yours and mine and to be left to you" indicates that the father made a present gift of one-half of the machinery to the plaintiff. There was a delivery of

such gift where the plaintiff was in possession of the machinery from that time on. McGillivray v. First National Bank of Dickinson, 56 N.D. 152, 217 N.W. 150.

■ We find, therefore, that the plaintiff was the owner of one-half of the machinery by reason of this gift to him by the father. The widow's testimony also establishes a promise of the owner, the deceased father, to leave his share of the machinery to the plaintiff at his death. But no attempt was made by the father to comply with the law of the State of North Dakota on wills and, as this court said in McGillivray v. First National Bank, supra,

"Where an owner has indicated a desire to bestow property upon others * * * and has indicated that the beneficiaries are to take only upon her death, such intended disposition is testamentary in character and can be rendered effective only by compliance with the statute of wills."

■ "Yours and mine and to be left to you" designates a clear intention that the parties are to be equal owners of the property and that the father's share is to be left to the plaintiff only upon the father's death. Such intended disposition of the father's share is clearly testamentary in character and could become effective only by compliance with the law of wills. This property not having been willed to the plaintiff by the father, one-half of the machinery remained the property of the father at his death and should properly be included in the inventory of his estate.

We now come to a consideration of the question of ownership of the sheep. The record discloses that the plaintiff became the owner of one-half of the sheep five years before the death of the deceased. The widow testified that, at that time, her husband became ill and "he couldn't take care of these sheep and he gave half of them to Paul."

■ However, the record further discloses that the father sold all of his sheep prior to his death. The plaintiff, on cross-examination by the defendant, testified that the father had sold all of the sheep prior to his death, in 1960. While any evidence of transactions between the plaintiff and his father, given by the plaintiff, was subject to objection by the defendant, any evidence which was elicited by the defendant himself, on cross-examination of the plaintiff, was competent. There being no testimony to contradict the evidence so given by the plaintiff, we find from the record that the plaintiff is the owner of all of the sheep.

We next consider the question of ownership of the hogs. The widow testified that "Paul bought the two and John didn't buy any 'cause he couldn't take care of them."

■ The fact that none of the hogs ever belonged to the deceased is further substantiated by the cross-examination of the plaintiff by the defendant. The plaintiff testified positively on cross-examination that the deceased did not own any of the hogs at any time. There being no evidence to contradict this testimony, we find that the plaintiff is the owner of the hogs.

■ The last question for our consideration is the ownership of the cattle. The widow testified that her husband, in 1949, gave twenty-five cattle to Paul, the plaintiff, and that, at that time, there were not more than seventy or seventy-five cattle on the farm. The plaintiff, again on cross-examination by the defendant, testified that he himself had purchased five cattle in addition to the twenty-five which he ac· quired by gift in 1949. The plaintiff further testified on cross-examination by the defendant that the father exchanged his heifer calves for steer calves belonging to the plaintiff, and that the plaintiff kept his own heifer calves, and those acquired from his father, to build up his herd. The testimony relating to the ownership of the cattle, although not too clear or satisfactory, is such, in view of the fact that there is no testimony to contradict the testimony of the plaintiff and the widow, that we cannot say that the trial court erred

in finding the cattle to be the property of the plaintiff. On appeal from a judgment in an action tried to the court without a jury, the findings of the trial court are always given appreciable weight, especially when based upon testimony of witnesses who appeared before the court in person. Knell v. Christman, 79 N.D. 726, 59 N.W.2d 293; Schott v. Enander, 73 N.D. 352, 15 N.W.2d 303; Kolb v. Kolb, 75 N.D. 181, 26 N.W.2d 484; Higgins v. Duprat (N.D.), 120 N.W. 2d 16.

 We therefore find that the cattle are the property of the plaintiff.

All of the evidence relative to the ownership of the various items of personal property in this action is uncontradicted. On consideration of the testimony in the record, and excluding from consideration the plaintiff's own testimony as to any arrangement had with the deceased father, even though much of that testimony was admitted without objection at the time it was offered, we find that the plaintiff is the owner of the property described in his complaint, except one-half of the machinery.

The judgment of the trial court is modified as to ownership of the machinery and the case is remanded to the district court with direction to enter judgment conformable to this opinion.

MORRIS, C. J., and BURKE and TEIGEN, JJ., concur.

ERICKSTAD, J., not being a member of this Court at the time of submission of this case, did not participate.