Nellie RIEBE, Plaintiff and Appellant,

v.

David RIEBE, Defendant and Appellee.

Civ. No. 9252.

Supreme Court of North Dakota.

Jan. 20, 1977.

Rehearing Denied March 10, 1977.

William R. Mills, Bismarck, for plaintiff and appellant.

Patrick W. Durick, of Pearce, Anderson, Pearce, Thames & Pearce, Bismarck, for defendant and appellee.

VOGEL, Justice.

This is an appeal from a judgment notwithstanding the verdict in a case involving ownership of cattle. We reverse, and reinstate the verdict.

Nellie Riebe, the appellant, is the widow of Albert Riebe, who was the brother of the appellee, David Riebe.

In 1963, Albert Riebe had no cattle. David Riebe, under some sort of arrangement between them, placed 21 head of cattle on the Albert Riebe farm.

In 1965, Albert married Nellie. Thereafter, according to her, she took care of the herd of cattle, doing most of the work herself. In 1969, Albert died.

David Riebe claimed that the arrangement with Albert was that David provided the foundation herd and Albert provided the land and feed and labor of caring for the cattle, in return for which he was to receive half the proceeds of the increase. Nellie, who had no negotiations with David, asserted that her arrangement with her husband was that she would care for the cattle and in return would receive the female increase as her property.

Up to the time of Albert's death in 1969, the herd had increased to 51 head. The male increase had been sold or slaughtered by Albert, who apparently made no division with David. Nellie's claim was that her husband was to receive all the increase, and that her husband gave her the females. David's claim, as we have stated, was that Albert was to receive only half the proceeds; however, David admitted that Albert had sold part of the increase and that David had made no objection.

After Albert's death, the executor of his will (which apparently gave Nellie only her statutory exemptions and homestead and gave the rest of the property to more remote relatives) came upon the land, drove off the cattle to a neighboring farm, loaded the cattle there, and sold them. Only 11 head were inventoried in the estate, and David retained the proceeds of the remainder. Nellie filed a belated claim in the estate, asserting that many of the cattle were hers, but the county judge disallowed the claim, and Nellie did not perfect an appeal.

The issues in the present action were submitted to a jury, which found in favor of Nellie Riebe for actual damages of $1,010 and punitive damages of $2,750, with interest. The attorney for David Riebe made an alternative motion for new trial or for judgment notwithstanding the verdict, and the district court granted the motion for judgment notwithstanding the verdict.

The principal grounds for granting the motion may be briefly summarized: First, the trial court found that Nellie had failed to prove any title to the cattle in her transferor, Albert, who therefore had no title to give her. Second, the court found that Nellie's testimony that Albert was to get all the calves was untenable and unreasonable. Next, the trial court noted that Nellie had on several occasions failed to assert a claim to the cattle, in that she did not separate those she claimed from the others after her husband's death, did nothing to prevent the executor from moving the cattle from the farm prior to their sale, did not object to the inventory in her husband's estate, and did not file a timely claim against the estate for the cattle she claimed. Finally, it held that the determination of the probate court was res judicata.

However, we find these reasons unconvincing under the circumstances.

Under our practice, verdicts are not readily upset. We stated the rule in *Nokota Feeds, Inc. v. State Bank of Lakota,* 210 N.W.2d 182, 187 (N.D.1973), as follows:

"When ruling on a motion for a directed verdict or for judgment notwithstanding the verdict, the court must decide whether the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, reasonable men could reach but one conclusion as to the verdict, or, otherwise stated, whether the evidence, viewed most favorably to the party against whom the motion is made, and giving that party the benefit of all reasonable inferences from the evidence, compels a result with which no reasonable person might differ."

■■■ A motion for judgment notwithstanding the verdict admits the truth of the evidence against the movant and of all reasonable inferences from that evidence. *Valenta v. Life Insurance Company of North America,* 196 N.W.2d 393 (N.D.1972). In order that a judgment notwithstanding the verdict may withstand review by this court, the movant must have been entitled to judgment as a matter of law. In ruling on the motion, neither we nor the trial judge may weigh the evidence or the credibility of the witnesses. We and the trial judge must view the evidence in the light most favorable to the party in whose favor the jury found. *Jamestown Terminal Elevator, Inc. v. Hieb,* 246 N.W.2d 736 (N.D.1976); *Farmers Cooperative Assn. of Churchs Ferry v. Cole,* 239 N.W.2d 808 (N.D.1976). It is within the province of the jury to weigh the evidence and determine the credibility of the witnesses. If there is sufficient evidence to sustain the jury's verdict, a judgment notwithstanding the verdict should not be granted. *North American Pump Corp. v. Clay Equipment Corp.,* 199 N.W.2d 888 (N.D.1972).

■■■ We believe that the evidence presented to the jury was sufficient to justify its finding that there was a partnership in the raising of cattle between Albert Riebe and David Riebe, and that Albert Riebe had either the real or ostensible authority [see *Schlichenmayer v. Luithle,* 221 N.W.2d 77 (N.D.1974)] to dispose of all or part of the calf crop. He disposed of approximately half the calf crop for several years by sale or slaughter, without protest

from his partner, and the jury could well find that he had authority to dispose of the other half by transferring it to his wife in return for her labor. Spouses may contract with each other as if unmarried. Sec. 14–07–06, N.D.C.C.; *McDowell v. McDowell,* 37 N.D. 367, 164 N.W. 23 (1917).

While such an arrangement may be unusual, there were suggestions in the testimony that David may not have had good title to the original foundation herd. [He obtained a bill of sale for it some five years after the cattle were placed on Albert's farm.] This may have had something to do with the unusual nature of the arrangement. At any rate, as noted above, a judgment notwithstanding the verdict is justified only if reasonable men could reach but one conclusion, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence. The testimony of Nellie Riebe may be disregarded only if it were weighed by the judge and found wanting, which we believe would not be proper here.

Nor do we believe that Nellie's actions in connection with the probate are decisive as to the merits of her claim against David Riebe. The probate concerned only 11 head of cattle, not 51. While she asserted a claim to more than 11 cattle in the probate proceedings, the determination of the probate court would be res judicata as to only the 11 head within its jurisdiction. Rejection of her claim as to the other 40 head in the probate court was fully justified, not only by the fact that it asserted jurisdiction as to only 11 head, but also by the implied finding that her claim, if any, as to the other 40 head would be against the person who received the proceeds of their sale, David Riebe. This action is an assertion of that claim against him.

"The jurisdiction of the probate court does not extend to the determination of the rights in property left by a deceased, where such rights do not depend upon heirship or will but on contract." *O'Connor v. Immele,* 77 N.D. 346, 43 N.W.2d 649, 651 (1950), Syllabus ¶ 13.

As to the portion of the verdict relating to punitive damages, the trial court followed the rule that no punitive damages may be allowed unless there also are compensatory damages. Since judgment for the defendant was granted by the trial court, notwithstanding the verdict on the compensatory damages, it necessarily followed that no punitive damages could be allowed by that court. *McCurdy v. Hughes,* 63 N.D. 435, 248 N.W. 512 (1933). However, since we find that the verdict on compensatory damages must be reinstated, we must also reinstate the punitive damages unless there is some other reason for disallowing them. We find none, and reinstate the verdict as to punitive damages also.

As an additional ground, the trial court held that the removal of the cattle claimed by Nellie Riebe was the act of the executor, not of David Riebe, and that any claim for punitive damages must therefore be asserted against the executor, not David. However, the evidence indicates that the executor acted in reliance on information from David Riebe that he was the owner of most of the cattle. The estate claimed only 11 head, but the entire herd was removed and sold, with most of the proceeds going to David Riebe. Further, David Riebe was present and participated in the removal of the cattle. It was a matter of dispute as to whether Nellie Riebe had previously informed David of her claim to part of the herd. She asserted that she had done so, and he denied it. The jury apparently believed her, and found that David converted her cattle in such a manner as to justify punitive damages. She is entitled to have the evidence viewed most favorably to her. So viewed, the evidence supports the award of punitive damages.

The jury was fully informed as to the facts and the law and concluded that punitive damages should be awarded. The jury was told that unless it found that David Riebe acted with actual or presumed malice, it was not to assess any punitive or exemplary damages to punish him or to make an example of him for the public good or to

prevent other wrongdoing, and it was instructed as to the meaning of the term "malice."

We reverse the judgment notwithstanding the verdict, and remand the case for reinstatement of the verdict and for entry of judgment in accordance with the verdict of the jury.

## ON PETITION FOR REHEARING

VOGEL, Justice.

Appellee David Riebe has petitioned for rehearing. He asserts that the court did not make a "conditional" ruling on his alternative motion for new trial, as required by Rule 50(c)(1), North Dakota Rules of Civil Procedure. He asks that we modify our previous opinion so as to provide that David Riebe is granted a new trial or in the alternative that David Riebe is granted leave to pursue a new trial in the court below.

The record shows that the memorandum opinion of the trial judge granting the motion for judgment notwithstanding the verdict made no reference to any conditional ruling on the alternative motion for a new trial. However, the trial judge's order itself states that the motion for new trial is denied.

This court has previously remanded cases to the trial court for disposition of alternative motions for new trial. *Johnson v. Frelich*, 153 N.W.2d 775 (N.D.1967); *Chicago, M., St. P. & P. RR. Co. v. Johnston's Fuel Liners, Inc.*, 122 N.W.2d 140 (N.D.1963); *Smith v. Knutson*, 76 N.D. 375, 36 N.W.2d 323 (1949); *La Bree v. Dakota Tractor & Equipment Co.*, 69 N.D. 561, 288 N.W. 476 (1939). In *Johnson, Smith,* and *La Bree,* the trial court said nothing about the motion for new trial, and in *Chicago, M., St. P. & P. RR. Co.,* the trial court's language was construed as not passing on the motion for new trial.

In the total absence of a ruling on the motion for new trial, we would ordinarily remand to the trial court for consideration of the motion for new trial. Here, however, the trial court has considered the motion for new trial and denied it.

We note that some Federal courts have held that, under the circumstances of the particular cases, the appellate court may reverse the trial court and reinstate the judgment originally entered even though the motion for new trial was not ruled upon by the district court. *Mays v. Pioneer Lumber Corp.*, 502 F.2d 106 (4th Cir. 1974); *Vera Cruz v. Chesapeake & Ohio RR.*, 312 F.2d 330 (7th Cir. 1963).

While the rule provides that the trial court "shall specify the grounds for granting or denying the motion for the new trial," we are aware of no case where the trial court has been reversed for failure to do so. For criticism of this aspect of the rule, see *Mays v. Pioneer Lumber Corp., supra,* quoting 5A Moore's Federal Practice, Section 50.14, at page 2382 (2d Ed. 1974), to the effect that appellate courts may order "otherwise" rather than remand to the trial court for disposition of the motion for new trial.

For a case where the denial of the motion for a new trial was phrased very much as it was here, and where the appellate court reversed the order granting judgment notwithstanding the verdict and ordered entry of the original judgment, without further reference to the order for new trial, see *Kippen v. Jewkes*, 258 F.2d 869 (10th Cir. 1958).

We are satisfied that the rule has been adequately complied with and that a remand would be unavailing and is unnecessary.

We have also examined the merits of the motion for new trial and hold that it was properly denied.

Rehearing is denied.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.