DAVID TAYLOR, Plaintiff-Appellee, *v.* CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Ex'r, *et al.*, Defendant.— (CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Ex'r, Defendant-Appellant.)

(No. 59244;

First District (4th Division)—February 13, 1975.

*Rehearing denied April 4, 1975.*

Sherwin & Sherwin, of Chicago (Theodore R. Sherwin and Marvin A. Brusman, of counsel), for appellant.

Harry Hoffman and Irving Hoffman, both of Chicago (Hoffman & Hoffman, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

David Shandling borrowed $15,100 on October 3, 1969, from David Taylor, which was to be repaid on October 24, 1969. Being unable to pay, Shandling assigned to Taylor on February 12, 1970, a $15,100 interest in a $500,000 debt due Shandling from respondent, Champion Screw Company, under a memorandum agreement dated April 15, 1969. On April 6, 1970, David Shandling died testate. Letters testamentary were issued to the executor, Continental Illinois National Bank & Trust Company of Chicago. Within 7 months the executor filed its inventory, including the net proceeds due decedent from Champion Screw Company, but did not include the assigned property. On July 28, 1970, petitioner Taylor filed his claim against the decedent's estate, which claim was allowed at first as a 7th class claim, but which the trial court subsequently held to be a nullity.

The executor and Champion refused to acknowledge Taylor's right to the assigned property because the executor's attorney wanted a court determination of said right. On December 16, 1971, petitioner Taylor filed his action for a declaratory judgment seeking to establish the validity of the assignment of the $15,100. An amended petition for declaratory relief was filed on June 30, 1972. On or about August 16, 1972, the executor filed a motion to dismiss the amended petition, alleging that it constituted a claim against decedent's estate and was barred, having been filed more than 7 months after issuance of letters testamentary. The executor relied on section 204 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 204), which provides:

> "All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed within 7 months from the issuance of letters testamentary or of administration, are barred as to the estate which has been inventoried within 7 months from the issuance of letters."

The trial court entered an order in favor of the petitioner, David Taylor, finding that decedent had executed a valid and subsisting *inter vivos* assignment and that petitioner was entitled to recover $15,100 from the Champion Screw Company, the executor being barred and foreclosed from recovering said sum. In so ruling the trial court denied the executor's motion to dismiss the amended petition. The executor appealed.

The issues on appeal are as follows:

(1) Whether section 204 of the Illinois Probate Act (Ill. Rev.

Stat. 1971, ch. 3) applies to petitioner's action for declaratory relief; and

(2) Whether a cause of action brought under section 187(a) of said Probate Act must be filed within the time limits prescribed by said section 204.

The executor contends that pursuant to section 2(j) of article 1 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 2(j)) the term "claim" includes any cause of action and therefore applies to an action for declaratory relief as is here involved. The executor also contends that the prior assignment by the decedent to petitioner, Taylor, could have been alleged and should have been presented to the court at the time of the filing of petitioner's claim and the petitioner's failure to do so at any time within the 7-month claim period bars him from further pursuing this action.

■■ The petitioner replies that the issues submitted by the executor have been rendered moot by the decision of the trial court that the petitioner had obtained from the decedent a valid *inter vivos* assignment of a $15,100 portion of a larger debt due decedent from Champion. The appellant does not object to the trial court's decision relating to the *inter vivos* assignment. The assigned share of the debt, having passed to petitioner during decedent's lifetime, became the property of petitioner and could not pass to decedent's estate. The executor had no lawful right to said share, and its attempt to "inventory" it was a nullity. Since petitioner was not claiming any asset of the estate, therefore there can be no issue with respect to the timely filing of a claim. (*Ie re Estate of Toigo,* 107 Ill.App.2d 395, 246 N.E.2d 68 (1969); *Russell v. United States,* 260 F.Supp. 493 (N.D. Ill. 1966); *Oliver v. Crook,* 321 Ill.App. 55, 52 N.E.2d 453 (1943).) The petitioner's action is not a claim against the estate.

■■ Section 187(a) of the Probate Act applies to personal property claimed by a third party in the administration of a probate estate and gives said court the authority to determine the right of ownership of such property. A proceeding which places in issue decedent's title to specific assets is not considered to be a "claim" in the context of probate law. It is not subject to the statute limiting the time in which to file claims.

Sections 1—201(4) of the Uniform Probate Code (Uniform Laws Annotated (1972)) provides: "The term [claims] does not include * * * disputes regarding title of a decedent * * * to specific assets alleged to be included in the estate." Therefore petitioner's instant action is not a claim and is not subject to the limitation of said section 204.

■■ Since the assigned property was not inventoried, section 204, which bars claims only with respect to "inventoried estate," is inapplicable to the instant appeal. This action for declaratory judgment was prompted by the efusal of the executor and Champion to honor the assignment

without a court determination of its validity and not by the executor's inventorying of petitioner's assigned property.

The executor, as authority for its proposition that petitioner filed his action untimely, cites older cases which have been distinguished and criticized, and have been held not to be authority for such proposition.

In the instant case the existence of the *inter vivos* assignment is an undisputed fact. It having been executed during decedent's lifetime, decedent then effectively parted with the property assigned, and his executor had no right to claim the assigned property as an asset of the estate.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

BURMAN and JOHNSON, JJ., concur.