ILLINOIS MASONIC CHILDREN'S HOME, Plaintiff-Appellant, *v.* MICHAEL JOSEPH FLYNN *et al.*, Defendants-Appellees.

Fifth District   No. 81—557

Opinion filed October 7, 1982.

William L. Turner, of Shelbyville, Edward L. Choate, of Carterville, and James C. Craven, of Springfield (Alexandra de Saint Phalle, of counsel), for appellant.

James W. Sanders and Associates, of Marion, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

The plaintiff, Illinois Masonic Children's Home, an Illinois not-for-profit corporation, appeals from an order of the circuit court of Williamson County dismissing count I of a complaint which sought enforcement of a joint and mutual will. Pursuant to Supreme Court Rule 304 (73 Ill. 2d R. 304), the trial court expressly found that no just reason existed for delaying appeal. The sole issue presented for our review is whether the trial court erred in ruling that this action, brought by a third-party beneficiary of a joint and mutual will, was barred by the six-month statute of limitations for bringing claims against the estate. (Ill. Rev. Stat. 1979, ch. 110½, par. 18—12.) We reverse and remand.

The complaint alleged the following facts which, for the purposes of the motion to dismiss, are to be taken as true if well pleaded. (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 545, 370 N.E.2d 223.) On September 19, 1942, John L. Delaney and Esther C. Delaney, husband and wife, executed a joint and mutual will. John L. Delaney died in 1964, and the joint and mutual will was filed in the office of the circuit clerk of Williamson County on September 11, 1964. The joint and mutual will was executed pursuant to a contract between the Delaneys. Subsequent to John L. Delaney's death Esther C. Delaney executed a will dated April 22, 1966, a codicil thereto dated April 22, 1971, and another codicil dated July 7, 1975, which purported to dispose of her property contrary to the provisions of the joint and mutual will. Thereafter Esther C. Delaney died, and the 1966 will and both codicils were admitted to probate in the circuit court of Williamson County on August 12, 1980.

The joint and mutual will provided, *inter alia*, that "[t]he one of us surviving the other is to hold all the property and estate, real, personal and mixed, during his or her lifetime, the use and income thereof to be enjoyed by such survivor as he or she shall deem best, during the remainder of the life of such survivor, it being our mutual will and desire that the entire estate that we both now possess shall be kept intact until the death of the one of us surviving. \*\*\* It is our joint and several will and desire that upon the death of the survivor of us THE MASONIC ORPHANAGE OF ILLINOIS, at LaGrange, Illinois, shall inherit all our property and estates, real, personal and mixed, of which the survivor of us shall die seized or possessed, to be owned, used and enjoyed, absolutely, by the said MASONIC ORPHANAGE OF ILLINOIS, without limitation or restriction whatsoever \*\*\*." The Illinois Masonic Children's Home is the same entity as the Masonic Orphanage of Illinois and was the sole residual beneficiary of the joint and mutual will.

Count I of the plaintiff's complaint requested an order declaring that the plaintiff is entitled to receive all of the assets of the estate, that the executor holds all the property of the estate as trustee for the benefit of the plaintiff and that the legatees under the 1966 will and codicils thereto have no interest in the assets of the estate. The defendants moved to dismiss count I of the complaint, pursuant to section 48 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48), on the ground that the count sought to enforce a purported contract and therefore was barred as a claim against the estate by the six-month statute of limitations. (See Ill. Rev. Stat. 1979, ch. 110½, par. 18—12.) The trial court thereafter entered an order dismissing count I of the complaint.

The plaintiff contends that the trial court erred in ruling this action was barred by the six month limitation period applicable to claims against the estate in that this is a proceeding which contests the title to all the assets of the estate rather than a proceeding to enforce a claim against the decedent herself. The statute on which defendant relies is section 18—12 of the Probate Act of 1975. This statute provides that "[a]ll claims against the estate of the decedent, except expenses of administration and surviving spouse's or child's award, not filed with the representative or the court within 6 months after the entry of the original order directing issuance of letters of office are barred as to all of the decedent's estate \*\*\*." (Ill. Rev. Stat. 1979, ch. 110½, par. 18—12.) The issue is whether an action, by the third-party beneficiary of a joint and mutual will, to contest the title to the assets which the executor of the estate seeks to inventory and

distribute pursuant to a subsequent will is a claim against the estate of a decedent within the meaning of section 18—12.

■■■ "A proceeding which places in issue a decedent's title to specific assets is not considered to be a 'claim' in the context of probate law. It is not subject to the statute limiting the time in which to file claims." (*Taylor v. Continental Illinois National Bank & Trust Co.* (1975), 26 Ill. App. 3d 610, 612, 325 N.E.2d 444.) *Taylor* involved an *inter vivos* assignment of a debt which, "having passed to petitioner during decedent's lifetime, became the property of petitioner and could not pass to decedent's estate." (26 Ill. App. 3d 610, 612.) The court in *Taylor* concluded that "[t]he executor had no lawful right to said share, and its attempt to 'inventory' it was a nullity. Since petitioner was not claiming any asset of the estate, *** there can be no issue with respect to the timely filing of a claim." (26 Ill. App. 3d 610, 612.) A joint and mutual will which, by its terms, creates a life estate in the survivor in all of their property does not empower the life tenant to convey the fee to property in the absence of an express grant of such authority in the will under which the life estate was created. (*First United Presbyterian Church v. Christenson* (1976), 64 Ill. 2d 491, 499, 356 N.E.2d 532.) "Property in which a decedent has only a life estate cannot go to his personal representatives as assets." (*Corney v. Corney* (1930), 257 Ill. App. 13, 19.) Therefore, we hold that where a joint and mutual will creates only a life estate in the survivor, without power to convey the fee, the life tenant is without power to dispose of the property by will. Thus, applying the *Taylor* rationale to the case *sub judice*, count I of the complaint raises only a question of title and not a claim against the estate. "The remainderman of a fund which has passed into the hands of the life tenant's executor is not a creditor of the life tenant's estate within the provisions of the probate law, relating to actions by creditors of deceased persons." (*Corney v. Corney* (1930), 257 Ill. App. 13, 19.) Because section 18—12 of the Probate Act of 1975 bars claims against the estate after six months, we find the statute inapplicable to the instant case.

Although *Ilg v. Continental Illinois National Bank & Trust Co.* (1968), 94 Ill. App. 2d 143, 236 N.E.2d 316, cited by defendant, announces a different rule (94 Ill. App. 2d 143, 150), we find the *Ilg* holding to be questionable in light of the rationale of *In re Estate of Toigo* (1969), 107 Ill. App. 2d 395, 246 N.E.2d 68. In *Toigo*, the decedent was alleged to have made a completed *inter vivos* gift of stock to her son but the stock had been included in the inventory of the estate. The court reasoned:

"If we were to apply the argument made by the Estate that

this petition is a claim against the estate and, therefore, barred since not filed within the claim period, it seems to us that absurd results could occur. For example, suppose by mistake an asset which was never owned by the decedent was inventoried in her estate and the claim period passed. No one would say that the mere passage of time, and in this instance a relatively short time, somehow passed title to the decedent, and therefore, the true owner could not have his property back due to the lapse of time." (107 Ill. App. 2d 395, 404.)

Accordingly, we decline to follow the *Ilg* case. Defendant also relies on *In re Estate of Garawany* (1980), 80 Ill. App. 3d 401, 399 N.E.2d 1024. We find *Garawany* to be distinguishable. In *Garawany*, a claim for medical services rendered to the decedent was sought to be paid out of a "medical insurance policy [which] was *inventoriable* property subject to the six months' period for filing claims * * *." (Emphasis added.) 80 Ill. App. 3d 401, 404.

Because the six-month period of limitation does not apply to the instant action, the circuit court erred in dismissing count I of the complaint. We therefore reverse and remand this cause to the circuit court of Williamson County.

Reversed and remanded.

KARNS, P. J., and KASSERMAN, J., concur.