In the Matter of the ESTATE OF Joseph
M. POWERS, Deceased.

J. Michael EDDY, Personal Representa-
tive of the Estate of Joseph M. Powers,
Deceased, Petitioner and Appellee,

v.

Edward POWERS, Respondent
and Appellant.

Civil No. 960056.

Supreme Court of North Dakota.

Sept. 3, 1996.

H. Malcolm Pippin, of Nilles, Hansen &
Davies, Ltd., Fargo, for petitioner and appel-
lee.

Edward Powers, Fargo. Pro se.

VANDE WALLE, Chief Justice.

Edward Powers appealed from a district
court order in probate denying his motion to

vacate the court's prior order summarily denying his objection to the final account and distribution of the Estate of Joseph M. Powers. We affirm in part, reverse in part, and remand for further proceedings.

Joseph, a Fargo resident, died on March 31, 1992. Edward was Joseph's nephew. J. Michael Eddy was named personal representative of the Estate, and Joseph's will was admitted to probate on April 7, 1992.

A notice and information to heirs and devisees was served on Edward on April 14, 1992, and a copy of Joseph's will was provided to the heirs and devisees. Although Edward was not by name listed as a devisee or will beneficiary, paragraph IV of the will provided:

"In the event there is property in my name and that of another as tenants by the entirety, joint tenants with the right of survivorship, or which is in my name as Trustee for the benefit of a named beneficiary, or which is payable to a co-owner, survivor or named beneficiary, it is my intention that said property pass to said survivor, beneficiary or co-owner. If it does not so pass for any reason, I devise said property to the co-owner, survivor or named beneficiary."

A notice to creditors was published in the Forum, a Fargo newspaper, three times in April and May 1992. More than three years later, on November 9, 1995, Eddy, as personal representative, petitioned for an order approving the final account and determining the testacy status of the decedent, and for an order directing distribution.

Edward appeared pro se at the December 19, 1995, hearing on the petition and filed an objection to the final account and proposed order directing distribution. Edward claimed he had worked for Joseph's construction company and Joseph promised him that, after the business was sold, Edward's profit-sharing trust certificates would be paid in full. Edward asserted his two profit-sharing trust certificates were currently worth $75,317.16.

Edward also asserted he was entitled to $10,000 for the appraised value of a 1983 Ford van which the Estate had disposed of and which, he contended, he "co-owne[d]" with Joseph. Edward asserted he was entitled to the van under paragraph IV of the will and presented to the court a copy of the front page of a North Dakota Department of Transportation motor vehicle registration certificate which was issued May 14, 1992, and listed him as the sole owner of the van.

The trial court summarily denied Edward's objection without a hearing,[1] approved the final account, and directed final distribution. The trial court ruled Edward had no standing to object because he was not a beneficiary in the will and because his claims were time barred under the non-claim provisions of N.D.C.C. § 30.1–19–03 (U.P.C.3–803). Edward moved to vacate the trial court's order. The trial court denied the motion, again without a hearing, for the same reasons given in the first order. It is this order denying his motion to vacate the order approving the final account and distribution, which is the subject of Edward's appeal.

■ The non-claim statute, N.D.C.C. § 30.1–19–03 (U.P.C.3–803), bars all creditor claims against a decedent's estate if they are not presented within three months after the date of first publication and mailing of notice to creditors, or within three months after the claim arises if it arises at or after the decedent's death. *Minex Resources, Inc. v. Morland*, 467 N.W.2d 691 (N.D.1991). Because the first notice to creditors was published on April 27, 1992, the Estate asserts the last day for Edward to file a claim against the Estate was July 28, 1992, making the claims in his objection to the final account untimely by more than three years. The Estate is partially correct.

■ The trial court correctly ruled Edward's claim based on the profit-sharing trust certificates was time barred. Even if the claim need not have been brought against the company rather than the Estate, and we construed Edward's claim as a contract ac-

1. According to the Estate, the hearing was set as a "no appearance" hearing and neither Eddy nor his attorney appeared.

tion based upon Joseph's alleged promise to him, Edward's request clearly constitutes a creditor's claim against the Estate to which the non-claim statute applies. *See, e.g., Johnson v. Christensen,* 292 N.W.2d 101 (S.D.1980) [where relief sought was contractual in nature, non-claim statute applied].

However, Edward's claim based on his alleged ownership of the Ford van requires a different analysis. Edward asserted to the trial court that he was a "co-owner" with Joseph of the van. He supported that assertion with a copy of a motor vehicle registration certificate, issued shortly after Joseph's death, listing Edward as the sole owner of the van. Edward made at least a colorable showing that he owned the van in joint tenancy with Joseph.

It is elementary in this state that, upon the death of one joint tenant, the title to the joint tenancy property vests immediately in the surviving joint tenant. *Cranston v. Winters,* 238 N.W.2d 647 (N.D.1976). The joint tenancy interest passes to the remaining joint tenant by right of survivorship. *Sabot v. Fox,* 272 N.W.2d 280 (N.D.1978). The joint tenancy interest does not pass by will because the joint tenant who dies leaving a surviving joint tenant has no interest which he may devise. *Schlichenmayer v. Luithle,* 221 N.W.2d 77 (N.D.1974). For purposes of the nonclaim statute, the term "claims" "does not include ... demands, or disputes regarding title of a decedent ... to specific assets alleged to be included in the estate." N.D.C.C. § 30.1–01–06(5) (U.P.C.1–201). *See also Illinois Masonic Children's Home v. Flynn,* 109 Ill.App.3d 744, 65 Ill.Dec. 334, 441 N.E.2d 126 (1982). The non-claim statute is not applicable to any dispute Edward may have over title to the van by virtue of his asserted joint tenancy interest.

Moreover, Joseph specifically stated in paragraph IV of the will that if joint tenancy property "does not so pass for any reason, I devise said property to the co-owner, survivor or named beneficiary." Edward's assertion of rights under the specific bequest provision of the will cannot be regarded as a "claim" against the Estate for purposes of the non-claim statute.

In *O'Connor v. Immele,* 77 N.D. 346, 43 N.W.2d 649, 651, Syllabus 7 (1950), this court, construing an earlier non-claim statute, said the statute was inapplicable to "[t]he claim of a beneficiary, named in a revoked mutual and reciprocal will, [because it] is not a claim against the estate of the testator but a claim of a property right in that estate, which is itself subject to claims against the estate." In other words, as other courts have explained, non-claim statutes apply only to claims against the estate of a decedent which, if allowed, would reduce the corpus of the estate or the amount of property which would otherwise be subject to division or distribution among the heirs of an intestate decedent or the legatees and devisees of a testate decedent. *See, e.g., Matter of Estate of Pallister,* 13 Kan.App.2d 337, 770 P.2d 494 (1989); *Willbanks v. Goodwin,* 70 Or.App. 425, 689 P.2d 1004 (1984), *reversed on other grounds,* 300 Or. 181, 709 P.2d 213 (1985).

In *Matter of Estate of Frandson,* 383 N.W.2d 807 (N.D.1986) and *Black v. Black,* 58 N.D. 501, 226 N.W. 485 (1929), we had occasion to apply the rule that a general direction in a will for the payment of all just debts and funeral expenses which does not create an express trust does not obviate the necessity on the part of a creditor of presenting a claim within the period fixed by the non-claim statute. But that rule does not compel a different result in this case. The bequest contained in paragraph IV of Joseph's will differs from a will provision generally directing the payment of all just debts. Although each item of property Joseph jointly owned with others is not specifically mentioned in paragraph IV, it nevertheless contains a specific bequest of what should be, to the personal representative in charge of handling the estate, identifiable property. We conclude that Edward, as an alleged will beneficiary rather than a creditor of the estate, had standing and was not time barred by the non-claim statute from presenting his assertion of rights to the appraisal value of the van at the hearing on the final account and distribution of Joseph's estate.

The trial court erred in summarily dismissing in total Edward's objection to the final account and distribution. Edward presented

sufficient evidence to the trial court of a colorable claim of entitlement to the van as a will beneficiary to require a hearing on the matter. On the record before us, Edward's evidence has not been contradicted or explained by the Estate. We express no opinion on the merits of Edward's claim.

We affirm that part of the trial court's order dismissing Edward's claim based on the profit-sharing trust certificates; we reverse that part of the order summarily dismissing his claim based on the appraised value of the van and remand for a hearing on that issue. The Estate's request for attorney fees and costs on appeal under N.D.R.App.P. 38 is denied.

MESCHKE, SANDSTROM, NEUMANN and MARING, JJ., concur.