In the Matter of the ESTATE OF Donna
L. GALLAVAN, Deceased.

Joseph James Verce, Jr., Personal Repre-
sentative of the Estate of Carla M.
Verce, Deceased, Petitioner–Appellant,

v.

Phillip R. McClendon, Personal Represen-
tative of the Estate of Donna L. Galla-
van, Deceased; and Shriners Hospitals
for Children, Residuary Beneficiary un-
der the Will of Donna L. Gallavan, De-
ceased, Respondents–Appellees.

No. 02CA2513.

Colorado Court of Appeals,
Div. III.

March 11, 2004.

522

Bruce M. Kirkpatrick, Durango, Colorado, for Petitioner–Appellant.

Jerry F. Venn, Pagosa Springs, Colorado, for Respondent–Appellee, Phillip R. McClendon.

Frank J. Anesi, Durango, Colorado, for Respondent–Appellee, Shriners Hospitals for Children.

Opinion by Judge CARPARELLI.

In this formal testacy proceeding as to the estate of Donna L. Gallavan (decedent), Joseph James Verce, Jr. (contestant), as personal representative of decedent's sister, Carla M. Verce, appeals the trial court's judgment denying his petition for adjudication of intestacy. Phillip R. McClendon, as decedent's personal representative, and Shriners Hospitals for Children, as a devisee, opposed the petition. We affirm.

Decedent was a protected person under conservatorship when she executed a will that contained a testamentary trust for the benefit of her sister and brother during their lives. Upon the death of both beneficiaries, the trust was to terminate, and trust proceeds were to be distributed to Shriners Hospitals.

Decedent died in July 1999. Her personal representative submitted the will to informal probate. Decedent's sister survived decedent, but died in September 1999. Her brother also survived her, but died in October 2001 while the estate was in probate. Contestant later filed the petition for adjudication of intestacy at issue here, alleging that decedent lacked testamentary capacity to execute the will.

## I.

Contestant urges us to conclude that the will is invalid because decedent lacked testamentary capacity. We perceive no basis for such a conclusion.

A person has testamentary capacity if he or she is an "individual eighteen or more years of age who is of sound mind." Section 15–11–501, C.R.S.2003. The soundness of a testator's mind may be evaluated under either the *Cunningham* test or the insane delusion test. *See Breeden v. Stone,* 992 P.2d 1167 (Colo.2000); *Cunningham v. Stender,* 127 Colo. 293, 255 P.2d 977 (1953).

Under the *Cunningham* test, a person has testamentary capacity when (1) she understands the nature of her act; (2) she knows the extent of her property; (3) she understands the proposed testamentary disposition; (4) she knows the natural objects of her bounty; and (5) the will represents her wishes. *Cunningham v. Stender, supra.* Under the insane delusion test, a person lacks testamentary capacity when she suffers from an insane delusion that materially affects her disposition in the will. *Breeden v. Stone, supra.*

## A.

Contestant contends that the judicial appointment of the conservator establishes that decedent was "incapacitated" and, thus, that she lacked testamentary capacity. We are not persuaded.

Contestant first points to the language of § 15–14–401(1)(b), C.R.S.2003, which allows appointment of a conservator for one who is unable to manage property and business affairs because of inability "to effectively receive or evaluate information or both or to make or communicate decisions" affecting her assets. He then points to the statutes that allow appointment of a guardian for an "incapacitated person," defined in § 15–14–102(5), C.R.S.2003, as, in pertinent part, one who is unable "to satisfy essential requirements for physical health, safety, or self-care," because of inability "to effectively receive or evaluate information or both or

make or communicate decisions." He argues that the provisions include similar phrases and that, as a result, the appointment of decedent's conservator establishes that decedent was "incapacitated" when she wrote the will. This argument is contrary to the explicit language of the statutes.

■ When the meaning of a statute is plain and free from ambiguity, we may conclude that the legislature made a deliberate choice that was "calculated to obtain the result dictated by the plain meaning of the words," *Hendricks v. People,* 10 P.3d 1231, 1238 (Colo.2000)(quoting *City & County of Denver v. Gallegos,* 916 P.2d 509, 512 (Colo. 1996)), and we give effect to that meaning without resorting to rules of statutory interpretation. *In re Estate of DeWitt,* 54 P.3d 849 (Colo.2002).

Section 15–14–401 pertains to the appointment of a conservator to ensure that assets a person needs for her own support, care, education, health, and welfare, or for that of others who are entitled to her support, are not wasted or dissipated. The appointment of a conservator does not include a finding of "incapacity." In fact, when decedent wrote her will, the version of § 15–14–408(6) then in effect provided that "[a]n order ... determining that a basis for appointment of a conservator ... exists, has no effect on the capacity of the protected person." Colo. Sess. Laws 1979, ch. 451, § 153–5–408(6) at 1626 (repealed effective January 1, 2001). Similarly, the current statute, § 15–14–409(4), C.R.S.2003, states that appointment of a conservator "is not a determination of incapacity."

Thus, the statute explicitly states that findings that warrant appointment of a conservator do not equate to a determination of testamentary incapacity.

Here, the trial court reached the same conclusion based on the holding in *In re Estate of McCrone,* 106 Colo. 69, 101 P.2d 25 (1940), and contestant argues that reliance was error. However, contestant also argues that the court should have applied the current statutes. Because we conclude that the court's ruling was correct under those statutes, we need not address contestant's argument concerning *McCrone. See People v.*

*Gresl,* 89 P.3d 499, 2003 WL 23095411 (Colo. App. No. 00CA1170, Dec. 31, 2003).

### B.

Contestant also asserts that the trial court erred when it held that decedent had testamentary capacity. We disagree.

Findings of fact will not be set aside unless they are clearly erroneous. C.R.C.P. 52; *Mesa County Valley Sch. Dist. No. 51 v. Kelsey,* 8 P.3d 1200 (Colo.2000); *In re Estate of Heyn,* 47 P.3d 724 (Colo.App.2002); *In re Estate of Perry,* 33 P.3d 1235 (Colo.App. 2001).

Here, the trial court applied and made findings appropriate to the *Cunningham* and insane delusion tests, and there is substantial evidence in the record to support the court's findings. We perceive no basis for overturning this ruling.

### C.

■ Contestant also argues that the will or, in the alternative, the trust is invalid because a protected person cannot execute a valid will that includes a trust. Again, we are not persuaded.

When a court appoints a conservator, the protected person's assets are vested in the conservator. As a result, the protected person cannot transfer assets to others, including an inter vivos trust. *See* §§ 15–14–421, 15–14–422, C.R.S.2003. Here, however, decedent had testamentary capacity and, as a result, could bequeath assets to others, create a testamentary trust, and bequeath some or all of her estate to such a trust. Because she did not transfer any assets during her lifetime, the conservatorship was not implicated. Therefore, we conclude that, even if appointment of a conservator prevents a protected person from creating an inter vivos trust, it does not prevent a protected person who has testamentary capacity from creating a testamentary trust.

### II.

■ Contestant next argues that a personal representative may not assist a proponent of the will in a will contest because the personal representative is not an interested party. Contestant further argues that a personal representative who defends a will di-

minishes the value of the estate he is obligated to protect. However, it is not clear what relief contestant seeks on appeal. To the extent contestant argues that the trial court should have struck the personal representative's brief, we conclude that such error, if any, was harmless.

It is well settled that a judgment entered by a trial court will not be reversed for alleged errors unless they are shown to be prejudicial to the substantial rights of the party claiming to be aggrieved thereby. *Bigler v. Richards*, 151 Colo. 325, 377 P.2d 552 (1963).

Here, assuming, without deciding, that the personal representative lacked standing to participate in the will contest, we note that the personal representative's brief was not the only brief before the trial court. Shriners Hospitals also submitted a brief in defense of the will. Moreover, the trial court applied the *Cunningham* and insane delusion tests in its determination that decedent had testamentary capacity and correctly concluded that the appointment of the conservator did not control. Consequently, contestant has not shown that his substantial rights in the proceedings to invalidate the will were prejudiced by the personal representative's participation.

To the extent contestant argues that a personal representative may not be reimbursed for expenses incurred to defend a will, and to the extent he argues that the personal representative here breached his fiduciary duty to protect the assets of the estate, these issues were not raised before the trial court and therefore are not properly before us on appeal. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718 (Colo.1992)(issues may not be raised for the first time on appeal where the trial court has not had the opportunity to rule on them).

The judgment is affirmed.

Judge ROY and Judge PIERCE * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3) and

§ 24–51–1105, C.R.S.2003.