The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
March 11, 2021

## 2021COA31

## No. 19CA1132, *Estate of Colby* — Probate — Creditors' Claims — Manner of Presentation of Claims

In this probate proceeding, the decedent's will provides that her primary residence, if not "claimed" by a family member, is to be sold and the proceeds evenly distributed to her two daughters. The appellant, one of the decedent's daughters, contended that she made a valid claim for the residence under the terms of the will. The district court disagreed because the appellant's demand did not comply with section 15-12-804, C.R.S. 2020.

A division of the court of appeals concludes that the district court erred because section 15-12-804 applies only to a creditor's claim against an estate and does not apply to a devisee's demand for a devise under a will. Accordingly, the division reverses the

district court's order approving the final settlement of the decedent's estate and remands for further proceedings.

COLORADO COURT OF APPEALS          **2021COA31**

Court of Appeals No. 19CA1132
Teller County District Court No. 18PR5
Honorable Scott Sells, Judge

In re the Estate of Carol Ann Colby, deceased.

Kathryn Gail Town-Statham,

Appellant,

v.

Kellie Marie Johnson, in her fiduciary capacity as Personal Representative,

Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE NAVARRO
J. Jones and Yun, JJ., concur

Announced March 11, 2021

The Law Office of Loren Randall & Associates LLC, Loren Randall, Denver, Colorado, for Appellant

The Blattner Law Firm LLC, Lisa T. C. Blattner, Colorado Springs, Colorado, for Appellee

¶ 1     Appellant, Kathryn Gail Town-Statham, challenges the district court's order approving the final settlement of decedent Carol Ann Colby's estate.  Town[1] is Colby's daughter.  Colby's will provides that her primary residence, if not "claimed" by a family member, is to be sold and the proceeds evenly distributed to her two daughters.  The district court decided that Town did not make a valid claim for the residence because her demand did not comply with section 15-12-804, C.R.S. 2020.  We conclude that the court erred.  As a matter of first impression, we hold that section 15-12-804 applies only to a creditor's claim against an estate and does not apply to a devisee's demand for a devise under a will.  Accordingly, we reverse and remand for further proceedings.

## I.     Facts and Procedural History

¶ 2     The following evidence was presented to the district court.

¶ 3     Colby died on January 18, 2018, and was survived by her two daughters (Town and Lisa Smith) and several grandchildren.  Colby left a valid will naming her granddaughter, Kellie Marie Johnson, as "executor."  Colby's will (the Will) devises specific personal property

---

[1] With one exception, appellant uses only "Town" as her surname in her opening brief.  So we will do the same.

1

to her children and grandchildren.  The Will devises her primary residence somewhat differently.  With respect to the residence, the Will provides as follows:

> VI. ADDITIONAL POWERS OF THE EXECUTOR . . . .
>
> My executor will have the power and authority to pay all debts in my name and pertaining to my home . . . , to pay all medical bills, to sell my home . . . *(if not claimed by family).*
>
> My home . . . , remaining assets, personal items and any property *that are not claimed by children and grandchildren* are to be sold by the Executor Kellie Johnson[;] she is to evenly distribute the remaining monies after financial obligations have been met with debts, funeral costs, selling fees and other financial obligations in my name to my daughters Kathryn Town-Statham and Lisa Smith if they survive me out right and free of trust.

(Emphasis added.)

¶4       On February 12, 2018, Johnson applied for informal probate of the Will and informal appointment as personal representative. She also distributed copies of the Will to Town, Smith, and others.

¶5       Town later testified that, on February 27, 2018, she sent Johnson an email saying that she "wanted a fair share of the home."  But Johnson testified that she could not recall Town's

claiming a share of the home's value in that email. The email itself was not admitted into evidence, and the district court did not make a finding as to its contents. Sometime after this email, Johnson and Town's attorney had a conversation in which Johnson was apparently informed that Town would be satisfied with receiving half of the house's value plus an additional $10,000. Town also requested an appraisal of the residence. Johnson, however, did not consider any of those communications to be a "formal claim" for the home.

¶ 6       In March 2018, Johnson petitioned for formal probate of the Will and formal appointment as personal representative. She retained counsel. Shortly thereafter, Johnson's attorney received a communication from Town claiming "half of what the house is worth." Johnson's attorney passed along this message to Johnson, but again Johnson did not consider it to be a "formal claim" for half of the home's value.

¶ 7       In July 2018, Johnson was appointed as personal representative. At some point between August and November 2018, Smith (Johnson's mother) delivered a written request for the

residence to Johnson's attorney. No one disputes that Smith's request was a claim for the residence.

¶ 8 On November 27, 2018, Johnson filed a petition for final settlement of Colby's estate. According to the petition, Smith would receive the residence, and Town would receive two items of Colby's personal property. In February 2019, Town filed an objection to the will and inventory. Additionally, Town filed three motions to set aside the Will and probate the estate under the laws of intestacy. Town did not make a demand for Colby's residence in any of those motions. Those motions were denied for Town's failure to prosecute.

¶ 9 The district court set a hearing on Town's February 2019 objection. After receiving the evidence discussed above, the court consulted section 15-12-804, which governs claims by creditors of an estate. The court concluded that Town had failed to comply with section 15-12-804 because she presented her "purported claim" for Colby's residence (or a share of it) to Johnson in February 2018, which was *before* Johnson had been appointed as personal representative. The court also decided that Town had not complied with the Will's terms, but the only reason the court gave for this

decision was Town's failure to make a "valid claim" under the statute. The court thus concluded that only Smith had validly claimed Colby's home.

¶ 10    The court thereafter granted Johnson's petition for final settlement of Colby's estate.

## II.    The District Court Erred by Applying the Creditor Claims Provisions

¶ 11    We agree with Town that the district court erred by applying section 15-12-804 to her alleged claim for Colby's residence because that provision does not apply to distributions to beneficiaries under a will.[2]

### A.    Standard of Review and Pertinent Principles

¶ 12    We review de novo the district court's legal conclusions, including its interpretation of the probate statutes and the Will. *See Sandstead-Corona v. Sandstead*, 2018 CO 26, ¶ 38; *Oldham v. Pedrie*, 2015 COA 95, ¶¶ 9-10.

---

[2] We say Town's "alleged claim" because, as we will explain, we must remand this case to the district court to determine the precise contents of the communications between the parties and their attorneys, as well as whether those communications constituted a "claim" under the Will.

¶ 13     Our task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *People v. Dinkel*, 2013 COA 19, ¶ 6. In determining legislative intent, our review begins with the statute's plain language. *Id.* at ¶ 7. We look to the statutory design as a whole, giving effect to the language of each provision and harmonizing apparent conflicts where possible. *Id.* In doing so, we read statutory words and phrases in context and construe them according to their common usage. *Id.* If the statute is clear and unambiguous, we need not engage in further analysis. *Id.*

¶ 14     This case requires us to consider sections of the Colorado Probate Code, §§ 15-10-101 to 15-17-103, C.R.S. 2020, which must be construed liberally to promote a speedy and efficient system for settling a decedent's estate and making distribution to their successors. § 15-10-102(2)(c), C.R.S. 2020; *Oldham*, ¶ 10. Because the Colorado Probate Code is adapted from the Uniform Probate Code (UPC), we can also consider the decisions of courts from other jurisdictions that have adopted the UPC. § 15-10-102(1)-(2)(e) ("This code shall be . . . applied . . . [t]o make uniform the law among various jurisdictions."); § 15-16-928, C.R.S. 2020; *cf. People in Interest of G.C.M.M.*, 2020 COA 152, ¶ 26 ("[W]e look to guidance

6

provided by other states because, if a statute has been adopted from a uniform law, it should be construed to bring uniformity to the law in the various states that adopt it.").

¶ 15    Part 8 of Article 12 of Title 15 is titled "Creditors' Claims" and includes section 15-12-803, C.R.S. 2020.  That section is a "nonclaim statute" and sets forth time limits for "creditors" to present "claims" against a decedent's estate.  § 15-12-803.  Claims that are not timely presented are barred against, among others, the estate, the personal representative, and "the heirs and devisees of the decedent."  § 15-12-803(1)(a), (2).

¶ 16    Section 15-12-804 lays out the manner of presentation of claims.  As relevant here, a claim may be presented by delivering a written statement of the claim to the court-appointed personal representative.  § 15-12-804(1)(b).  If this method is selected, a claim is not validly presented unless delivered after the personal representative has been appointed.  § 15-12-804(2).  The personal representative's knowledge that a creditor could bring a claim is not a valid substitute for proper presentment of a written claim. § 15-12-804(3).  A claim must contain a request or demand for payment and provide sufficient information to allow the personal

representative to investigate and respond to the claim. § 15-12-804(4).

¶ 17     With some exceptions not relevant here, "'[c]laims'" in this context "includes liabilities of the decedent . . . whether arising in contract, in tort, or otherwise, and liabilities of the estate which arise at or after the death of the decedent . . . including funeral expenses and expenses of administration." § 15-10-201(8), C.R.S. 2020. "Creditor" is not defined, but it is clear that the "UPC equates the term 'creditor' with one who holds a claim against the estate." *Martel v. Stafford*, 603 A.2d 345, 348 (Vt. 1991).

### B.     Preservation

¶ 18     To reiterate, Town contends that the district court erred by applying the statutory provisions related to a creditor's claim against an estate because they are inapplicable to her purported demands for Colby's residence. Johnson says that Town did not preserve this claim because Town asked the court to interpret those statutory provisions broadly and to apply them here.

¶ 19     At the hearing, Town's counsel explained that the "Probate Code gives the deadline for creditors to file" but "we're not talking about a creditor claim in this case." He argued that, in the context

of the Will, "claims should be interpreted more broadly than just the Probate Code." Counsel noted that the Will does not outline a format or a deadline for a beneficiary to claim property under the Will, and counsel asked the court to interpret the Will broadly to effect Colby's wishes. In particular, counsel asked the court to interpret the Will to permit a beneficiary's claim made "even pre-appointment of the personal representative" because "[i]t doesn't say, 'once someone is appointed that they can make a claim.'" Town's counsel argued that Town made a claim for the house to the person named in the Will as the estate's executor and who was later appointed as personal representative (Johnson).

¶ 20 Based on the above, we conclude that Town adequately preserved her contention that the statutory provisions related to a creditor's claim against an estate are inapplicable to her purported demands for Colby's residence. Rather than asking the district court to apply those provisions, Town asked the court to interpret the Will as permitting the informal procedure by which she allegedly claimed the house.

## C.    Section 15-12-804 Does Not Apply Here

¶ 21    We conclude that the district court erred by applying section 15-12-804 because Town did not present a claim against the estate. Instead, in her role as a beneficiary and devisee, she ostensibly made a demand for a devise under the Will.

¶ 22    "Beneficiary" as it relates to a beneficiary designated in a "governing instrument" includes a "devisee"; "[g]overning instrument" includes a will.  § 15-10-201(5), (22).  "Devisee" means "a person designated in a will to receive a devise."  § 15-10-201(13). "Devise," when used as a noun, "means a testamentary disposition of real or personal property," and, when used as a verb, "means to dispose of real or personal property by will."  § 15-10-201(12). "Property" means "both real and personal property or any interest therein and anything that may be the subject of ownership." § 15-10-201(42).

¶ 23    Under these definitions, Town, as a member of Colby's family who could claim the property, is a devisee of Colby's primary residence and allegedly demanded the devise or a share of it.  *Cf. Laymon v. Minn. Premier Props., LLC*, 913 N.W.2d 449, 454 (Minn. 2018) (Nothing in the statute "suggests that devisees of residuary

property are treated any differently from specific or general devisees.") (footnote omitted). That is, Town did not assert a claim as envisioned by the nonclaim statutes, including section 15-12-804.

¶ 24    As courts in other UPC states have recognized,

> non-claim statutes apply only to claims
> against the estate of a decedent which, if
> allowed, would reduce the corpus of the estate
> or the amount of property which would
> otherwise be subject to division or distribution
> among the heirs of an intestate decedent or the
> legatees and devisees of a testate decedent.

*Estate of Powers*, 552 N.W.2d 785, 787 (N.D. 1996). In other words, "the assertion of rights as a beneficiary under the terms of a will is not regarded as a claim against an estate." *Steen & Berg Co. v. Berg*, 713 N.W.2d 87, 90 (N.D. 2006); *see Matter of Estate of Pallister*, 770 P.2d 494, 495 (Kan. Ct. App. 1989) (recognizing that "an assertion of rights under the terms of a will cannot be regarded as a claim against an estate"); *O'Connor v. Immele*, 43 N.W.2d 649, 651 (N.D. 1950) ("The claim of a beneficiary . . . is not a claim against the estate of the testator but a claim of a property right in that estate, which is itself subject to claims against the estate.").

¶ 25    Accordingly, sections 15-12-803 and 15-12-804 do not apply to Town's alleged demand for the house or an interest therein. *See Estate of Gardner*, 845 P.2d 1247, 1252 (N.M. Ct. App. 1992) (holding that New Mexico's analogous creditor claims statutes did not govern devisees' challenge to distribution of estate property). Indeed, a division of this court in *Murphy v. Glenn*, 964 P.2d 581, 583-84 (Colo. App. 1998), declined to apply section 15-12-803 to a dispute brought by alleged devisees over the distribution of assets under a will. The division concluded that "[a] will contest, or a dispute over the distribution of [an] estate, is not a claim against the estate as contemplated by [section] 15-12-803." *Id.*

¶ 26    Johnson argues that *Murphy* is distinguishable because the dispute there concerned whether the decedent owned the subject property at the time of death. Johnson is mistaken. In *Murphy*, the decedent plainly owned the subject property at the time of her death, and the question presented was whether the putative devisees were entitled to receive the property under the decedent's first will. *See id.* Likewise here, there is no dispute that Colby owned the residence at issue at her death. The dispute is whether

12

Johnson properly distributed the residence. *Murphy*, therefore, is on point.

¶ 27    In sum, we hold that neither section 15-12-803 nor section 15-12-804 applies to a devisee's demand for distribution of a devise under a will.[3]

### D.    The Will Governs Demands for the Residence

¶ 28    Having determined that section 15-12-804 is inapplicable, we further conclude the terms of the Will govern demands for Colby's residence.

¶ 29    To repeat, the Will says that Colby's primary residence "[if] not claimed by children and grandchildren [is] to be sold by Executor Kellie Johnson [and] she is to evenly distribute the remaining monies . . . to my daughters . . . ." The Will does not define "claim"

---

[3] We note that a devisee's assertion of a *claim* as defined in the Colorado Probate Code — such as payment for funeral expenses and expenses of administration — is governed by sections 15-12-803 and 15-12-804, C.R.S. 2020. In that scenario, the devisee would be a creditor with respect to that particular claim. We also note that a devisee's right to recover property improperly distributed is time limited. A devisee's right to do so is barred at the later of the following: three years after the decedent's death, or one year after distribution of the property. § 15-12-1006, C.R.S. 2020.

or give guidance as to how the children and grandchildren are supposed to make such a claim.

¶ 30     When construing a will, the controlling consideration is the testator's intent; that intent prevails if it is not prohibited by law or public policy. *Heinneman v. Colo. Coll.*, 150 Colo. 515, 521, 374 P.2d 695, 698 (1962); *Estate of Lewis*, 93 P.3d 605, 607 (Colo. App. 2004). Determination of intent should be made from the language of the will itself. *Lewis*, 93 P.3d at 607. When the meaning of the testator's words is plain and unambiguous, the testator's intent is easily determined and must be effectuated. *Estate of Paulsen*, 113 Colo. 373, 379, 158 P.2d 186, 189 (1945). In cases of ambiguity, nontechnical terms are to be given their ordinary meanings. *Id.*

¶ 31     The dispute here turns on the meaning of "claim" in the Will. When used as a verb, a "claim" ordinarily means "to ask for[,] especially as a right." Merriam-Webster Dictionary, https://perma.cc/RUV8-KCDQ. When used as a noun, a "claim" refers to "a demand for something due or believed to be due." *Id.* Considering the term's ordinary meaning, we conclude that "claim" under the Will means to ask for Colby's residence as a right or a demand for the residence as due under the Will's terms.

14

¶ 32    Bolstering our conclusion is the fact that the Will does not provide a procedure for asserting a claim or specify what form a claim must take.  Had Colby intended for a claim to be more formal or specific, presumably she would have said so.  *See Heinneman,* 150 Colo. at 520, 374 P.2d at 697 ("[C]ourts will not re-write a will or insert words not placed therein by the testator.").

¶ 33    The record reveals at least three possible claims by Town for Colby's residence:

- The February 2018 email to Johnson in which Town allegedly requested all or half of the value of the residence.

- The conversation between Johnson and Town's attorney's regarding Town's desire for half the value of the residence and an appraisal.

- The conversation between Johnson's attorney and Town in which Town allegedly requested "half of what the [residence] was worth."

While Johnson did not consider these to be formal claims, the question is whether they constituted a "claim" under the ordinary meaning of the term.  Because the district court ended its analysis after concluding that the communications did not satisfy section

15

15-12-804, we must remand for the court to determine whether, in light of the ordinary meaning of "claim," any or all of these communications were valid claims under the Will. As part of this determination, the court must ascertain the content of the communications. To the extent the court finds that Town asked for only the residence's value or partial value — as opposed to the residence itself — the court must decide whether Colby intended such a request to qualify as a valid claim under the Will. The court, in its discretion, may take additional evidence.

¶ 34    If the court determines that Town made a valid claim, the court must then ascertain Colby's intent regarding what must occur when two or more claims are made under the Will.

### III.    Remaining Contentions and Attorney Fees

¶ 35    Town contends that Johnson breached her fiduciary duty by failing to recognize Town's request for the residence. We do not address this issue because the record does not show that Town presented it to the district court and requested a ruling. *See Est. of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n.5 (Colo. 1992) ("Arguments never presented to, considered or ruled

16

upon by a trial court may not be raised for the first time on appeal.").

¶ 36 After Town missed the deadline for filing her opening brief, Johnson moved to dismiss the appeal and for attorney fees and costs. This court later accepted Town's opening brief filed out of time and denied Johnson's motion to dismiss. This court deferred ruling on the motion for attorney fees and costs and directed Johnson to address her argument for fees and costs in the answer brief. Although Johnson requested attorney fees in the answer brief, she did not explain why she is entitled to them. Therefore, we deny her request. *See* C.A.R. 39.1 ("[T]he principal brief of the party claiming attorney fees must include a specific request, and explain the legal and factual basis, for an award of attorney fees.").

¶ 37 Similarly, because Town did not request attorney fees in the opening brief, we deny her request made in the reply brief. *See id.*

IV. Conclusion

¶ 38 The order approving the final settlement of Colby's estate is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE J. JONES and JUDGE YUN concur.

17