The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
August 4, 2022

## 2022COA90

**No. 21CA0295, *Estate of Davies* — Probate — Wills — Colorado Uniform Guardianship and Protective Proceedings Act — Protection of Property of Protected Person — Required Court Approval**

In the proceedings below, the district court invalidated the will of the decedent, who died while under a conservatorship. The court concluded that the decedent's conservator had made the will without complying with section 15-14-411(1)(g), C.R.S. 2021, which says a conservator may "[m]ake, amend, or revoke the protected person's will" only after receiving a court's approval and giving notice to "interested persons."

Addressing a novel issue, a division of the court of appeals concludes that section 15-14-411(1)(g) applies where a conservator makes the will as contemplated by section 15-14-411(2) and section 15-11-502, C.R.S. 2021 — for instance, where the conservator

executes the will in the presence of two witnesses who sign it. But where, as here, the person subject to a conservatorship executes their own will in compliance with section 15-11-502, that person makes the will, and section 15-14-411(1)(g) does not apply. Accordingly, the division reverses the judgment and remands for further proceedings.

Court of Appeals No. 21CA0295
Boulder County District Court No. 18PR30655
Honorable Thomas F. Mulvahill, Judge
Honorable Bruce Langer, Judge

In re the Estate of Thomas Russell Davies, deceased.

Phillip Wong, Stephanie Ryno, Jason DeHerrera, and Tricinia DeHerrera,

Appellants,

v.

Gary Scarpella,

Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE NAVARRO
Lipinsky and Kuhn, JJ., concur

Announced August 4, 2022

Treece Aflrey Musat, P.C., Reza D. Rismani, Carol L. Thomson, Denver, Colorado, for Appellant Phillip Wong

Stephanie Ryno, Pro Se

Jason DeHerrera, Pro Se

Tricinia DeHerrera, Pro Se

Hurth Sisk & Blakemore, LLP, Jessica H. Catlin, Jonathan Leinheardt, Boulder, Colorado; Ogborn Mihm, LLP, James E. Fogg, Denver, Colorado, for Appellee

¶ 1     In the proceedings below, the district court invalidated the will of Thomas Russell Davies, who died while under a conservatorship. The court concluded that Davies's conservator, Phillip Wong, had made the will without complying with section 15-14-411(1)(g), C.R.S. 2021, which says a conservator may "[m]ake, amend, or revoke the protected person's will" only after receiving a court's approval and giving notice to "interested persons."  Appealing the judgment, Wong and the devisees under the will (collectively, the appellants) argue that section 15-14-411(1)(g) did not apply here because, although Wong drafted the will for Davies pursuant to their conversations on the matter, Davies executed it.  In other words, Wong says Davies made the will, not Wong.

¶ 2     Addressing a novel issue under section 15-14-411(1)(g), we agree with Wong.  Section 15-14-411(1)(g) applies where a conservator makes the will as contemplated by section 15-14-411(2) and section 15-11-502, C.R.S. 2021 — for instance, where the conservator executes the will in the presence of two witnesses who sign it.  But where, as here, the protected person executes the will in compliance with section 15-11-502, the protected person makes

the will, and section 15-14-411(1)(g) does not apply.[1]  Accordingly, we reverse the judgment and remand for further proceedings.

## I.    Factual and Procedural History

¶ 3    The pertinent facts are not in dispute.

¶ 4    In March 2017, the district court appointed Wong, an estate planning attorney, as Davies's conservator.  Sometime later, and as a result of conservations with Davies about his estate, Wong prepared the will at issue.  On February 27, 2018, Davies signed the will in the presence of two witnesses (including Wong) who also signed it, as well as a notary public.  Wong did not seek court approval before preparing the will.  The will left Davies's estate to the devisees, Stephanie Ryno and Jason and Tricinia DeHerrera, who were his friends and caregivers.

¶ 5    Davies died on October 23, 2018.  On October 30, Wong applied for informal probate of the will and asked to be appointed personal representative of Davies's estate.  The district court granted the application and Wong's request.  In April 2019, Gary

---

[1] We note that whether the protected person made the will is a different question from whether the protected person possessed testamentary capacity or was affected by undue influence.  We remand for resolution of the latter issues as raised below.

Scarpella, Davies's cousin and one of his heirs,[2] petitioned to set aside informal probate of the will and for adjudication of intestacy, as well as for other relief. Scarpella alleged that Davies's will had been procured by undue influence. The court set the matter for trial on that question, among others.

¶ 6    Before trial, however, Scarpella moved for summary judgment on the ground that Davies's will was invalid because Wong, in his capacity as conservator for Davies, had made the will without obtaining court approval as required by section 15-14-411(1)(g). Wong responded that section 15-14-411(1)(g) was inapplicable. The court agreed with Scarpella and granted summary judgment declaring the will "without legal force and effect," finding that Davies had died without a will, and removing Wong as personal representative.

¶ 7    Scarpella then filed a motion for surcharge against Wong, arguing that Wong breached his fiduciary duties to Davies by making the will without court approval. Before the motion was resolved, the parties filed a stipulation asking for certification of the

---

[2] "Heirs" are persons entitled to the decedent's property under the statutes of intestate succession. § 15-10-201(24), C.R.S. 2021.

3

summary judgment order as final pursuant to C.R.C.P. 54(b) and a stay of the surcharge action pending appeal, both of which the court granted.

## II. Analysis

¶ 8 The appellants argue that the district court erred by concluding that Davies's will was invalid due to Wong's failure to comply with section 15-14-411(1)(g) (i.e., to obtain court approval before making the will as Davies's conservator). According to the appellants, such approval was unnecessary because Wong merely drafted the will and Davies himself made the will. We agree.

### A. Preservation

¶ 9 Scarpella says the appellants failed to preserve their argument that the phrase "[m]ake . . . [a] will" in section 15-14-411(1)(g) does not encompass merely drafting a protected person's will, as opposed to executing the will on the protected person's behalf. We are not convinced.

¶ 10 In his response to the summary judgment motion, Wong maintained that section 15-14-411(1)(g) did not apply here for various reasons, including the fact that Davies "reviewed the Will and signed on his own. Mr. Wong did not sign the Will on behalf of

4

[Davies] because [Davies] had the necessary testamentary capacity to review and execute the Will on his own." While the appellants certainly flesh out this argument more thoroughly on appeal, we are satisfied that they preserved in the district court their claim that section 15-14-411(1)(g) is inapplicable where the conservator drafts, but the protected person executes, the will. *See Curry v. Zag Built LLC*, 2018 COA 66, ¶¶ 62-64 (concluding that the appellant preserved their appellate argument by raising the issue, "albeit obliquely and fleetingly, in its summary judgment motion").

## B. Standard of Review and General Principles

¶ 11    We review de novo an order granting summary judgment. *GEICO Cas. Co. v. Collins*, 2016 COA 30M, ¶ 17. A court may not grant summary judgment except on a clear showing that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. *Rome v. Mandel*, 2016 COA 192M, ¶ 16; C.R.C.P. 56(c).

¶ 12    Statutory construction also presents a legal question that we review de novo. *See In re Estate of Colby*, 2021 COA 31, ¶ 12. Our task in construing a statute is to ascertain and give effect to the General Assembly's intent. *Id.* at ¶ 13. In determining legislative

intent, our review begins with the statute's plain language.  *Id.*  We look to the statutory design as a whole, giving effect to the language of each provision and harmonizing apparent conflicts where possible.  *Id.*  We read statutory words and phrases in context and construe them according to their common usage.  *Id.*  If the statute is clear and unambiguous as written, we look no further, and we apply the statute as written.  *Id.*

¶ 13      This case requires us to consider sections of the Colorado Probate Code, §§ 15-10-101 to 15-17-103, C.R.S. 2021, including the Colorado Uniform Guardianship and Protective Proceedings Act, §§ 15-14-101 to 15-14-434, C.R.S. 2021.  The probate code must be construed liberally to promote a speedy and efficient system for settling a decedent's estate and making distribution to the decedent's successors.  § 15-10-102(2)(c), C.R.S. 2021; *Colby*, ¶ 14.

### C. Section 15-14-411(1)(g) Did Not Apply Here

¶ 14      Section 15-14-411(1) lists actions a conservator may take "after notice to interested persons and upon express authorization of the court."  As noted, if a conservator gives such notice and obtains such authorization, a conservator may "[m]ake, amend, or revoke the protected person's will."  § 15-14-411(1)(g).  Section 15-

6

14-411(2) provides that "[a] conservator, in making, amending, or revoking the protected person's will, shall comply with section 15-11-502 or 15-11-507[, C.R.S. 2021]." Section 15-11-502 sets forth the requirements for making a will, while section 15-11-507 addresses revocation of a will.

¶ 15    Therefore, to understand what it means to "make" a will, we must look to section 15-11-502. As pertinent here, section 15-11-502 provides that the will must be (1) in writing; (2) signed by the testator; and (3) either signed by at least two people who witnessed the testator's signing of the will or acknowledged by the testator before a notary public. § 15-11-502(1)(a)-(c). Viewing these requirements in light of section 15-14-411(2), we conclude that, where a conservator makes a will on behalf of a protected person, the conservator fulfills the functions normally performed by the testator — including execution of the will.[3]

_____

[3] Section 15-14-411(3), C.R.S. 2021, provides that the court, in approving a conservator's exercise of the power to make a will, "shall consider primarily the decision that the protected person would have made, to the extent that the decision can be ascertained. To the extent the decision cannot be ascertained, the court shall consider the best interest of the protected person."

¶ 16    Bolstering our conclusion is section 411(b) of the 1997

Uniform Guardianship and Protective Proceedings Act (UGPPA), on

which section 15-14-411(2) is based.  *See In re Estate of Runyon*,

2014 COA 181, ¶ 12 (finding persuasive a comment to a provision

of the UGPPA adopted in Colorado).  Section 411(b) says a

"conservator, in making, amending, or revoking the protected

person's will, shall comply with [the State's statute for *executing*

wills]."  UGPPA § 411 (amended 1997/1998), 8 pt. 3 U.L.A. 70-71

(2014) (emphasis added) (bracketed language in the original).

Likewise, the comment to section 411 explains that, "[i]n subsection

(b), the enacting jurisdiction should insert the citation for its statute

on the *execution* requirements for ordinary attested wills."  UGPPA

§ 411 cmt. (emphasis added).  Our legislature did so in section 15-

14-411(2) by including references to section 15-11-502.  *See also*

*Copper Mountain, Inc. v. Poma of Am., Inc.*, 890 P.2d 100, 106 (Colo.

1995) ("Without more, we accept the intent of the drafters of the

uniform law as that of our own General Assembly by its verbatim

enactment of the uniform act provision.").

¶ 17    Furthermore, the ordinary meaning of "make" in the context of

section 15-14-411(1)(g) supports our view that it requires executing

8

the will.  To "make" means "[t]o legally perform, *as by executing, signing,* or delivering (a document) . . . ."  Black's Law Dictionary 1144 (11th ed. 2019) (emphasis added).  Thus, to "make a will" means to execute a will in compliance with applicable legal criteria.

¶ 18    As a result, the requirement in section 15-14-411(1)(g) that a conservator obtain court approval before making a protected person's will applies when the conservator executes the will in compliance with section 15-11-502.  Conversely, when the protected person executes the will in compliance with section 15-11-502, section 15-14-411(1)(g) is not triggered, even if the conservator drafted the will.  To conclude otherwise would add words (such as "draft") to the statute, which we may not do.  *See Nieto v. Clark's Mkt., Inc.*, 2021 CO 48, ¶ 12.

¶ 19    Our conclusion that a protected person may make a will in compliance with section 15-11-502 without prior court authorization recognizes that "findings that warrant appointment of a conservator do not equate to a determination of testamentary incapacity."  *In re Estate of Gallavan*, 89 P.3d 521, 523 (Colo. App. 2004).  That is, "[t]he appointment of a conservator . . . is not a determination of incapacity of the protected person."  § 15-14-

409(4), C.R.S. 2021; *see Gallavan*, 89 P.3d at 523 ("[D]ecedent had testamentary capacity and, as a result, could bequeath assets to others . . . . Because she did not transfer any assets during her lifetime, the conservatorship was not implicated."); *see also* Thomas A. Rodriguez & Brooke W. Brestel, *Conservator-Created Wills: Issues in Litigation*, 44 Colo. Law. 53, 56 (Aug. 2015) ("[E]ven if a conservator is appointed, the protected person may not need a conservator to execute a will on his or her behalf."); *cf. Breeden v. Stone*, 992 P.2d 1167, 1170 (Colo. 2000) (reiterating the principle that "[a] testator has a fundamental right to 'dispose of his property as he pleases.'") (citation omitted).

¶ 20 Applying our reasoning to this case, we conclude that the district court erred by invalidating Davies's will on the grounds that Wong drafted it without obtaining court approval. It is undisputed that Davies's will was (1) in writing; (2) signed by Davies in the presence of a notary public; and (3) signed by two people who witnessed Davies signing the will. Therefore, Davies made the will in compliance with section 15-11-502, and section 15-14-411(1)(g) does not apply.

¶ 21 Arguing to the contrary, Scarpella says that interpreting section 15-14-411(1)(g) to apply only if the conservator executes the will — but not if the protected person does so — would result in "no opportunity for the court to review the Will for capacity or undue influence." But that is not so. Challenges to a will based on the testator's lack of testamentary capacity or based on undue influence are distinct from the challenge we address. Nothing in our holding would prevent Scarpella from continuing to pursue his claim that Davies's will was procured by undue influence.

¶ 22 In sum, because Wong did not make the will, it was not invalid for failure to comply with section 15-14-411(1)(g).[4] So we reverse the summary judgment.

### III. Other Contentions

¶ 23 Given our disposition, we need not reach the appellants' other contentions of error pertaining to the summary judgment order.

---

[4] To the extent Scarpella argues that Wong, by drafting the will, exceeded the authority granted to a conservator in section 15-14-425, C.R.S. 2021, we do not address the argument because it was not raised in the summary judgment proceedings and was not resolved by the district court. *See GEICO Cas. Co. v. Collins*, 2016 COA 30M, ¶ 41 n.7 (noting that, on review of a summary judgment ruling, we do not consider arguments and evidence that were not presented to the district court).

## IV. Conclusion

¶ 24 The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE LIPINSKY and JUDGE KUHN concur.